J. N. PEACOCK v. GEORGE W. WILLIAMS.

*Contract—Indemnity.*

Where W contracted with L, upon a sufficient consideration, that he would surrender to L "full and free possession" of a house (then being constructed and for which the plaintiff had furnished material and had a lien) "free from all liens and encumbrances whatever;" *Held*, that this amounted only to an agreement to indemnify L, and would not support an action against W for the value of the materials furnished by the plaintiff.

(*Morehead* v. *Wriston*, 73 N. C., 398; *Parker* v. *Shuford*, 76 N. C., 219; *Draughan* v. *Bunting*, 9 Ired., 10 ; *Carroway* v. *Cox*, Bus., 173; *Dixon* v. *Pace*, 63 N. C., 603; *Strayhorn* v. *Webb*, 2 Jones, 199, and *White* v. *Hunt*, 64 N. C., 496, cited).

This is a CIVIL ACTION, which was tried, on appeal from a justice of the peace, before *Montgomery, Judge,* at Fall Term, 1887, of HAYWOOD Superior Court.

The plaintiff alleged:

1st. That during 1886, he furnished lumber to be used in constructing a house in the town of Waynesville, on a lot belonging to Mrs Mary F. Luke.

2d. That said lumber was furnished to A. L. Melton, who was contractor for erecting said house.

3d. That a portion of the price of the said lumber was paid to plaintiff, but that there now remained due the sum of $54.91, with interest from April 30th, 1886.

4th. That on or about the 19th day of July, 1886, the defendant, for and on the part of the firm of Williams & Buchanan, (of which firm the defendant was a member,) contracted with the said Mary F. Luke, for valuable consideration, that they, said Williams & Buchanan, would pay off and discharge "all liens and incumbrances *whatever*" upon the said property.

5th. The plaintiff had a lien on the said house and lot for the material (lumber) furnished as aforesaid to the said contractor, registered in the office of the clerk of the Superior Court of Haywood county, and filed therein on the 27th day of December, 1886.

6th. That due notice of plaintiff's claim was given to said Mary F. Luke before settlement with said Melton for said building.

He demanded judgment against the defendant for the balance alleged to be due.

The defendant made a general denial.

The plaintiff offered in evidence the following agreement:

Memoranda of agreement between Geo. W. Williams, on the part of Williams & Buchanan, and Mrs. Mary F. Luke, all of the town of Waynesville, N. C.:

Mrs. Mary F. Luke agrees to make a promissory note for eight hundred dollars ($800.00), payable one year after date and bearing interest at the rate of 10 per cent. per annum, secured by mortgage on certain property of Mrs. Mary F.

Luke, in the town of Waynesville, N. C., said note payable to the order of Williams & Buchanan, on this condition, that said Williams & Buchanan shall receipt and deliver all bills and accounts now due them by Mrs. Mary F. Luke, and pay over to her in cash all balance between the amount of their said bills and accounts and the face value of said note, and surrender to the said Mrs. Mary F. Luke full and free possession of the house lately erected on the lot of Mrs. Mary F. Luke, in the town of Waynesville, N. C., free from all liens and encumbrances whatever.   Mrs. Mary F. Luke reserves to herself the right to redeem said note at any time before maturity, by payment of the face of said note, with the accrued interest.   Mrs. Mary F. Luke further agrees to place an insurance of ($1,200) twelve hundred dollars upon the said property, for the term of three years, assignable to said Williams & Buchanan, as further security on said note. In case the said note is paid before or at maturity, the insurance is to be transferred to Mrs. Mary F. Luke, for her sole benefit, and subject to her own disposal.

Witness, our hands, this 19th day of July, 1886.

The plaintiff offered evidence tending to prove his allegations, and that the defendant had in his hands funds of Mrs. Luke, which should be applied to the payment of his claim.

There was evidence on the part of defendant that at the time he had notice of the plaintiff's claim, he had paid the contractor, in full, for building the house, and that he had no funds of Mrs. Luke to pay this debt.

The Court instructed the jury that they would ascertain from the evidence whether the plaintiff had furnished the lumber and material, and if so, they would ascertain what was its value or price, and whether the plaintiff had been paid for the same; and if they found that plaintiff had furnished the lumber and had not been paid for it, then they would ascertain whether he had given notice of his lien, and if they found this in plaintiff's favor, they would find

whether the defendant had funds sufficient in his hands, of Mrs. Luke's, for the purpose of paying this debt, and had contracted with her to pay it; and if they found that he had such funds sufficient in amount, and had contracted with her to pay it, they would, in answer to the issue, say how much was due to the plaintiff from the defendant.

The defendant's counsel moved to dismiss the action, because the complaint did not state a cause of action against the defendant, which was refused by the Court, and the defendant excepted.

There was a verdict and judgment for plaintiff, and defendant appealed.

*Mr. W. L. Norwood*, for the plaintiff.
*Mr. G. S. Ferguson*, for the defendant.

SMITH, C. J.   It will be seen from the fourth allegation of the complaint and its plain and distinct reference to this agreement, and from its introduction in support of the demand that the plaintiff's right of action against the defendant rests entirely upon the undertaking on the part of Williams and Buchanan to surrender the house to the owner of the lot, " free from all liens and incumbrances whatever." It is also apparent that the fund provided for this purpose is the note executed by the owner of the lot and secured in the manner specified in the contract.   This security must be understood, as meant in the charge, that if "they (the jurors) found that he (the defendant) had such funds, sufficient in amount, and had contracted with her (Mary F. Luke) to pay it, then they would, in answer to the issue, say how much was due the plaintiff from the defendant."

In our opinion the point is well taken that the defendant incurred, under his agreement and from his possession of the note, no personal liability which the plaintiff can enforce in this form of action, *ex contractu*.   The agreement is in sub-

stance one for the indemnity of the owner of the property against its being subjected to the asserted lien, and is *solely between the parties to it, with whom the plaintiff is not in privity.*

In *Morehead* v. *Wriston*, 73 N. C., 398, an incoming partner agreed with the others that the new firm should assume and become liable for the debts due by the old firm, and this upon a sufficient consideration; and it was held that a creditor of the old firm could not sue on the contract, Reade, J., remarking "that the agreement must be between the new partner and the *creditor*, and upon a *consideration* moving from the *creditor*." See also *Parker* v. *Shuford*, 76 N. C., 219.

The case does not come within that class wherein when money or an article of agreed money's worth, as money, is deposited with one person to be paid to another, and the action is permitted for a recovery as of money received for his use under an implied contract to pay it according to numerous rulings. *Draughan* v. *Bunting*, 9 Ire., 10; *Carroway* v. *Cox*, Busb., 173.

Yet there are qualifications of the principle, even in case of such reception of money. . Thus when an agent received money from his principal with instructions to pay it to a certain creditor, and the agent made a different disposition of it, and no demand was made by such creditor until after the agent had accounted with his principal, it was decided that the creditor could not look to the agent for such money. *Dixon* v. *Pace*, 63 N. C., 603.

So again in *Strayhorn* v. *Webb*, 2 Jones, 199, it is ruled that until the creditor for whose use the deposit is made does some act, whereby he ratifies the receiving "so as to extinguish the debt and make the money his own," he cannot maintain an action against the party receiving. *White* v. *Hunt*, 64 N. C., 496.

Here there is no promise to pay the plaintiff, and the defendant has no funds with which to make the payment, but only a note secured from the party by which they might be

derived, and the undertaking is to exonerate the property from liens and incumbrances, and it can be enforced, as it can be released by the party with whom the contract is made, and her liability for the materials furnished, not personal, but by reason of the lien, remains as before unaffected by the provision made for relieving the premises therefrom.

The plaintiff vindicates his claim to follow the fund and cites numerous cases in its support decided in the Courts of ·Equity.   But this is not the case presented in the complaint, which is one that under our former practice would have been an action at law, and depends not upon an equity, but upon contract.   An immediate judgment is demanded, and this because the defendant holds a personal security of the owner of the lot and may have realized nothing under it wherewith to make the payment.   In no point of view can the plaintiff maintain his action, and there is error in refusing to dismiss it.

The judgment must, therefore, be reversed.

Error.                                        Reversed.