TOWN OF GASTONIA v. McENTEE-PETERSON ENGINEERING COMPANY.

(Filed November 25, 1902.)

1. CONTRACTS —*Parties* —*Bonds* —*Beneficiaries—Laborers—Material Men.*
    The beneficiaries of a contract, though not a party or privy thereto, may maintain an action thereon.

2. CONTRACTS —*Attorney and Client* —*Fees* —*Bonds* —*Municipal Corporations.*
    Where a contractor executes an indemnity bond, guaranteeing a town against loss on account of the performance of the contract, the contractor and its surety are not liable on their bond for counsel fees paid by the town in defense of suits brought against the town by creditors of the contractor.

ACTION by the Town of Gastonia and others against the McEntee-Peterson Engineering Company and the American Surety Company, heard by Judge *H. R. Starbuck* and a jury, at February Term, 1902, of the Superior Court of GASTON County.    From a judgment for the plaintiffs, the American Surety Company appealed.

The statement of case in the appeal of the Post-Glover

Electric Company and Illinois Insulated Wire Company, in this case, *ante,* is a sufficient statement in this appeal.

*Burwell, Walker & Cansler,* for the plaintiffs.
*Julius C. Martin,* for the defendant.

CLARK, J.    The defendant engineering company entered into a contract with the town of Gastonia, to construct a water works and sewerage system and an electric lighting system in and for said town of Gastonia, and with its co-defendant, the American Surety Company, of New York, entered into a bond to pay claims for materials used and work and labor done in the construction of said systems,and there is a balance due on said contract by the town of Gastonia, which is claimed by the said engineering company, and also by persons who furnished material and performed work and labor in the construction of the said systems, under the contract between the town and the engineering company, the said balance being $1,560.86; and the other plaintiffs seek, by this action, to charge the other defendant, the American Surety Company, upon its indemnity bond for $3,000, given as aforesaid, for the amounts alleged to be due them for work and labor performed and materials furnished in the construction of said systems, and to the end that the amounts due for materials and labor may be determined, all persons holding such claims were properly made co-plaintiffs.

The contract between the town of Gastonia and the engineering company contains the following: "Section 1 of the contract provides that the contractor is required to furnish all materials and labor required in the construction of the public works embraced in said contract."

Section 5 provides that "the contractor further agrees that he will, and concurrent with this contract, does execute a bond in the penal sum of $3,000, in such form and with such

sureties as may be approved by the Mayor and Aldermen of the town of Gastonia, conditioned to indemnify and save harmless said town and Board from all suits * * * brought against said town or said Board, or both, * * * for or on account of any injuries or damages sustained or received by any person, structure or property by or from said contractor, * * * or by or in consequence of any act or omission of said contractor, his servants or agents; and the faithful performance of this contract, and *for the payment of all material used and wages of all laborers employed by said contractor.*"

Section 10 provides that the said contractor hereby further agrees that it "shall not be entitled to demand or receive payment except in the manner set forth in this agreement, and further agrees that it will *produce full releases of all claims from all persons who have furnished machinery or labor for the work,* whenever the board may require it."

The bond executed by the surety company provides that "if the above bounden, the McEntee-Peterson Engineering Company, its heirs, executors, administrators, successors or assigns shall *in all things* stand to and abide by, and well and truly keep and perform the terms, covenants, conditions and agreements in such contract contained, on its part to be kept and performed and each of them, at any time and in the manner and form therein specified, then said obligation shall be null and void."

Though no mechanic's lien could be filed against the property, in the hands of the town, it was competent for the parties to contract, and they did contract that the engineering company should pay for "all materials used and wages of all laborers employed by said contractor," and the surety company became responsible for the execution of that stipulation. The engineering company has defaulted in this respect to an amount greater than the penalty of the bond executed against

the American Surety Company, to-wit, in the sum of $3,907.64, for material furnished by several parties who have been made co-plaintiffs in this action for the purpose of ascertaining and determining the amount of the indebtedness severally due them.

The town desired to know whether it should pay said balance to the engineering company or (in view of the fact that it had stipulated with said company, and required surety, that the company should pay off all claims for labor and materials before calling on the town for settlement), whether it was not its duty to require compliance with this requirement in favor of the claimants for labor and material. Those claimants, being the beneficiaries of the contract, could have brought their separate actions on said contract against the engineering company and its surety, and it was eminently proper, and saves multiplicity of suits, the time of the Court and unnecessary Court costs; that they should be co-plaintiffs in this action, to the end that the entire matter should be settled and determined in one action.

In *Gorrell v. Water Co., 124* N. C., 328; 46 L. R. A., 513; 70 Am. St. Rep., 598, it was held, after careful consideration and full discussion, that the beneficiaries of a contract, though not a party or privy thereto, can maintain an action thereon. In that case the beneficiaries, the citizens of the town, were ascertained by reference to the nature of the contract, but, in this case, the contract is more specific and points out those who shall furnish labor or material as specially designated to be protected. The contract requires surety for such stipulation, and provides that the town can not be called upon for settlement by the engineering company, until receipts for such claims are furnished by the company. It was a wise, thoughtful and considerate provision inserted by the town requiring the engineering com-

pany, a non-resident corporation, to pay the labor and material men, who are usually residents of the town or vicinity, before it could claim any balance due on the work. This is just to such parties, whose amounts claimed for labor and material are usually small, and who should not be forced to attachment or other legal proceedings when the town, whose funds are raised by taxation, can protect its own people by such a stipulation as this, requiring payment of these just claims before receiving the town funds to be carried off where they can not be reached. It would be well if every municipality which has public works executed should insert a similar provision in its contract for the protection of labor and material men, who are usually its own citizens. Indeed, in this contract it is further provided that all labor employed shall be "home labor," except as to such skilled labor as could not be found there, thus showing throughout that the labor and material men are beneficiaries in contemplation of the contracting parties.

The proposition laid down, with citation of authority in *Gorrell v. Water Co., supra,* had been intimated, without actual decision in *Haun v. Burrell,* 119 N. C., at page 548, and *Sams v. Price, Ibid.,* 572. It has since been expressly held in *Shoaf v. Insurance Co.,* 127 N. C., 308; 80 Am. St. Rep., 804, which holds that a policy holder in an insurance company can maintain an action for a loss on property covered by his policy against another company in which the first company reinsured its risks. In that case, it was expressly stipulated that the contract was only effective between the two companies, and that no holder of a policy in the first company should be entitled to enforce the reinsurance against the reinsuring company. But this Court held that, notwithstanding that stipulation the policy holder was entitled to recover against the second company. In the present case, the contract expressly stipulates who the beneficiaries are, the

labor and material men. It is provided, as one of the considerations of the contract, that they shall be paid and their receipts delivered to the town, the other contracting party, and the surety company stipulates for the performance of that condition. The contract requires this and some other matters absolutely, and the provision to save harmless the town is merely thrown in at the end as a careful saving clause to cover anything that may have been omitted—not to restrict or repeal any stipulations expressly made.

*Gorrell v. Water Co., supra,* has been cited as authority in *Lacy v. Webb,* 130 N. C., 545. It is amply sustained elsewhere. *Gorrell v. Water Supply Co.,* 124 N. C., 328; 70 Am. St. Rep., at page 605; 7 Am. and Eng. Enc. (2d Ed.), 104-110. Though there is some conflict of authority elsewhere, there is none in our decisions. This is necessarily the true doctrine wherever the statute, as in this State, requires the real party in interest to bring suit, and is the rule in equity also. 7 Am. and Eng. Enc. (2d Ed.), 110, notes 1 and 3. In *Lyman v. Lincoln,* 38 Neb., 794, the Court expressly held, citing authorities, in a case "on all fours" with the case at bar, that "the promise they (the contractor and surety) made to the city of Lincoln was for the benefit of all persons who furnished labor and materials used under said contract, and such persons could sue on said bond, and that an *express* statute was not necessary to give the city authority to require such a bond of the contractor, and that awarding the contract was sufficient consideration to support such promise both by the contractor and his surety." This case has been repeatedly affirmed by the same Court, notably in *Doll v. Crume,* 41 Neb., 655; *Morton v. Harvey,* 57 Neb., 304. The same principle has been enforced by the Supreme Court of Missouri in *Deavers v. Howard,* 144 Mo., 671; *School District v. Livers,* 147 Missouri, 580; *St. Louis v. Von Phul,* 133 Mo., 561; 54 Am. St. Rep., 695, which says

the town owes this duty to laborers to protect them. To like effect have been the decisions in the Appellate Court of Indiana—*Williams v. Markland*, 15 Ind. App., 669; *Young v. Young*, 21 Ind. App., 509; *King v. Downey*, 24 Ind. App., 262; In Iowa, *Baker v. Bryan*, 64 Iowa, 561; and in California, *Union Works v. Dodge*, 129 Cal., 390. A leading case upon this subject is *Philadelphia v. Stewart*, 195 Pa. St., 309, which is reaffirmed in cases between the same parties, 198 Pa. St., 422, and 201 Pa. St., 526. The additional reason is given in these last cases that the sub-contractors for labor and material, not being able to file any lien against a city and having no security beyond the doubtful solvency of the contractor, it is public policy that the city should, as in our case, stipulate for payment of the labor and material men to prevent the work being "scamped" or done by unworthy or unfit men. All of the above hold that such beneficiaries can maintain an action on the contract.

The former decision of this Court, *Morehead v. Wriston*, 73 N. C., 398; *Peacock v. Williams*, 98 N. C., 324, and *Woodcock v. Bostic*, 118 N. C., 822, have not been overruled, and are readily distinguishable in that there was no indication in the facts of those cases that the third party had a right to any benefit under the contract. As to them, the contract was *res inter alia acta*. In *Gorrell v. Water Co., supra*, from the nature of the contract, public water-works, paid for by public money, it was apparent that the property of the citizens was to be protected. From the nature of the transaction in *Lacy v. Webb* and *Shoaf v. Ins. Co., supra*, it was apparent that those not parties to the contract were beneficiaries, though in the latter case there was a stipulation which attempted to bar the policy-holder from bringing an action. In the present case, as we have said, the third party, the material and labor men, are especially referred to in the contract as beneficiaries thereof, and for their protection surety is

required, and their payment by the engineering company is made a condition precedent before said company can call upon the town for payment.

His Honor properly gave judgment in favor of the material and labor men, plaintiffs herein, against the defendants, the engineering company and its surety, for the undisputed amount of their claims, after first applying thereto the balance due said engineering company by the town.

The judgment should be reformed, however, by striking out the credit of $150, allowed the town for counsel fees, expended in defending actions brought by the Post-Glover Electric Company and the Illinois Insulated Wire Company, to subject, by garnishment, the aforesaid balance of $1,560.86 to payment of indebtedness due them by the engineering company. It was simply the misfortune of the town that said actions were brought, and there is no stipulation in the contract of the engineering company or of the American Surety Company covering responsibility for counsel fees in defending an action of that nature.

As thus modified, the judgment of the Court below is
Affirmed.