ORINOCO SUPPLY COMPANY v. SHAW BROTHERS LUMBER COMPANY, J. T. B. SHAW, VESTRY OF ST. PAULS CHURCH, and ILLINOIS SURETY COMPANY.

(Filed 20 November, 1912.)

## 1. Contracts—Indemnity—Sureties—Beneficiaries.

The beneficiaries of an indemnity contract ordinarily can recover, though not named therein, when it appears by express stipulation or by reasonable intendment that their rights and interests were contemplated and being provided for.

## 2. Same—Material Men.

A contract and bond signed by the contractor and his surety expressly agreeing, among other things, to pay the owner of the building "for all labor and material supplied for the erection of the building and to save the owner harmless from any and all claims or liens" which might arise out of contracts made by him (the contractor) with material furnishers and laborers, etc., the bond further stipulating "that the said contractor shall faithfully perform and carry out said contract according to the true intent and meaning thereof," clearly contemplates that the contractor shall pay the material men and laborers, and constitute such claimants the beneficiaries of the contract and bond.

## 3. Same—Pleadings—Demurrer.

An action brought for materials furnished in the erection of a building, which were to be paid for by the contractor and which were bought by him therefor and therein used, which sets out a contract and bond signed with a surety, which clearly contemplates that the contractor shall pay the material men and laborers and constitute them the beneficiaries under the contract and bond, states a good cause of action against the surety, and a demurrer thereto is bad.

## 4. Same—Loss or Damage.

When a contract and bond of indemnity given by a contractor to the owner of a building to be erected, which was signed by the surety, provides, in addition to saving the owner harmless, for some definite thing, which has not been complied with, as in this instance, to pay for the material used in the building, it is not necessary to allege, in order to maintain an action against the surety, that the owner has suffered pecuniary loss by reason of the contractor's default therein.

Appeal by defendant surety company from *Daniels, J.,* at March Term, 1912, of Forsyth.

Civil action heard on demurrer to complaint. In the complaint, recovery is sought against defendant the Illinois Surety Company for $346.56 on account of material furnished by plaintiff for building a rectory for St. Pauls Church in the city of Winston, N. C. The parties defendant are the contractor, J. T. B. Shaw, who was to "furnish all the material and perform all the work for the erection and completion of said rectory"; the Illinois Surety Company, who, with said Shaw, signed the bond sued on; and the Vestry of St. Pauls Church also appear formally as defendants. The defendant the Illinois Surety Company demurred to the complaint, in terms as follows: "That the complaint does not state facts sufficient to constitute a cause of action, for that it appears upon the face of said complaint that there is no privity of contract between the plaintiff and the defendant the Illinois Surety Company; that it appears on the face of said complaint that there was no surety, indemnity, nor guarantee by the Illinois Surety Company to the plaintiff in this action; that it appears on the face of said complaint that any cause of action that would arise on account of the surety, indemnity, or guarantee of the defendant Illinois Surety Company would accrue to the vestry of St. Pauls Church, and not to the plaintiff in this action; that it further appears on the face of said complaint that the plaintiff in this action furnished material which went into the erection of the building erected by Shaw Brothers Lumber Company for the vestry of St. Pauls Church, and any cause of action which the plaintiff has on the account of the failure of the said Shaw Brothers Lumber Company to pay it for said material would be against the said Shaw Brothers Lumber Company, and in no event would plaintiff have a cause of action against the Illinois Surety Company.

There was judgment overruling the demurrer, and the surety company excepted and appealed.

*Manly, Hendren & Womble for plaintiff.*
*Wilson & Ferguson for defendant.*

HOKE, J. In respect to the liability of the Illinois Surety Company, the complaint, after stating the contract on the part

of J. T. B. Shaw to provide all the material and perform all the work for the erection and completion of the rectory, continues:

"3. That amongst other provisions contained in said contract, the said Shaw contracted and agreed to pay for all such labor and material, and to save the said J. C. Buxton and others, committee as aforesaid, harmless from any and all claims and liens which might arise out of contracts made by said Shaw with material furnishers and laborers," and expressly provided: "Should there prove to be any such claims (for material or labor) after all payments are made, the contractors shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises obligated in consequence of the contractor's fault."

"4. That on 25 January, 1911, in pursuance of the contract as aforesaid, the said Illinois Surety Company executed, as surety, together with the said Shaw as principal, a bond in the sum of $2,500 in favor of the said vestry of St. Pauls Church of Winston-Salem, N. C., as aforesaid, conditioned that the said Shaw should and would 'faithfully perform and carry out said contract according to the true intent and meaning thereof, and according to plans and specifications prepared by the said W. L. Brewer, architect, as aforesaid, and shall faithfully build and construct said rectory according to said plans and specifications and according to the terms of said contract.'

"5. That the plaintiff, at the request of the said J. T. B. Shaw and Shaw Brothers Lumber Company, furnished certain material, which was used by the said J. T. B. Shaw in carrying out his contracts, as aforesaid, for the construction and completion of the rectory, as aforesaid, and that there is now due to the said plaintiff and unpaid, on account of the furnishing of the material as aforesaid, the sum of $346.56, with interest thereon from 1 July, 1911."

And by an amendment, makes further averment as follows: "That the plaintiff, prior to the bringing of this action, had filed a lien in the office of the Clerk of the Superior Court of Forsyth County against J. C. Buxton and others, forming a committee for the vestry of St. Pauls Church, and had insti-

tuted a suit, which is now pending, and in which suit the Illinois Surety Company is a party defendant, for the purpose of foreclosing said lien.

"2. That prior to the institution of the action against this defendant, the plaintiff has instituted a suit against the contractor, J. T. B. Shaw, and since the filing of the complaint therein has obtained judgment against said Shaw, issued execution, which has been returned *nulla bona*."

There have been several later decisions of the Court applying the principle that under certain circumstances the beneficiaries of a contract could recover thereon, though not named as parties, a principle that usually prevails when it appears by express stipulation or by reasonable intendment that the rights and interests of such beneficiaries were contemplated and being provided for, as in *Gastonia v. Engineering Co.*, 131 N. C., 363; *Gorrell v. Water Supply Co.*, 124 N. C., 328. In the case before us it appears that the contractor had agreed to pay "for all labor and material supplied for the erection of the building, and to save the trustees of the church harmless from any and all claims and liens which might arise out of contracts made by him" with material furnishers and laborers, etc., and the bond sued on, signed by the surety company, contains express stipulation "that said contractor shall faithfully perform and carry out said contract according to the true intent and meaning thereof." These provisions, in our opinion, clearly contemplate that the contractor shall pay the material men and laborers and constitute such claimants the beneficiaries of the contract and bond within the principles of the authorities cited.

The cases of *Clark v. Bonsal,* 157 N. C., 270, and *Peacock v. Williams,* 98 N. C., 324, and others of like purport, were on contracts which were in strictness contracts of indemnity, providing and intending to provide protection for the contracting party alone, and giving no indication that the interests of third persons were contemplated or that they were intended to be in any way directly benefited.

On the position that a cause of action does not arise on this instrument unless and until it is shown that the obligee principal, that is, the church, had suffered pecuniary injury by reason

of the contractor's default, it was held in *Hilliard v. Newberry,* 153 N. C., pp. 104-106, that this restriction on liability does not obtain where, in addition to saving the principal harmless, there is also an agreement to do some definite thing which has not been complied with—in this instance, to pay for the labor and material, citing *Burroughs v. McNiel,* 22 N. C., 297; 16 A. and E., p. 179; Pingrey on Suretyship and Guaranty, sec. 182.

Under these authorities, therefore, and on the facts as they now appear, we are of opinion that a good cause of action has been stated against the appellant and that the judgment overruling the demurrer must be affirmed.

Affirmed.