On the trial it was made to appear that in July, 1914, the board of school commissioners of Concord, N.C. contracted with the Brown Construction Company to provide the material and labor for erection and completion of a public school building in said city at a cost of $11,236 and required said contractor to enter into a bond in the sum of $5,000 for the proper performance of the contract, etc. This bond was given by the construction company with the individual defendants as sureties and said building has been "erected, constructed, and completed," and same has been duly accepted by the board and paid for. That during construction of said building, plaintiffs, under a contract with the construction company, furnished the material and labor to put on and complete the roofing on said building, to the amount of $771.41, and the same and every part thereof is now due and owing plaintiff from the construction company. That later the construction company became insolvent and plaintiff instituted the present action against said company and the sureties on the bond to recover the amount claimed to be due.
The court charged the jury, in effect, that if they believed the evidence, both the company and the individual defendants, sureties on the bond, were liable for the debt.
There was verdict for plaintiff against all of defendants for (710) $771.41. Judgment, and the individual defendants excepted and appealed.
The contract for the erection of the building makes stipulation, among other things, "That the contractors shall and will provide all the material and perform all the work for the erection and completion of a high school building on the lot of the owners in the city of *Page 764 
Concord, etc., at the price of $11,236," etc. And further: "If at any time there shall be evidence of any lien or claim for which, if established, the owners of the said premises might become liable, and which is chargeable to the contractors, the owners shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify them against such lien or claim. Should there prove to be any such claim after all such payments are made, the contractors shall refund to the owners all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default." And again: "The contractors further agree to furnish the owners, free of cost to the owners, a satisfactory indemnity bond in the sum of $5,000, to guarantee the faithful performance of the contract and to indemnify the owners against liability from accidents to persons or their property during the erection of the building." The conditions of the $5,000 indemnity bond, signed by defendant, is as follows: "Now, therefore, if the above bounden R. A. Brown Construction Company shall well and truly perform and fulfill all the covenants and agreements mentioned in said contract and specifications for the erection and completion of the said building, to be performed and fulfilled as therein set forth, and to the written approval of the said architects, and will and shall save and keep harmless the said board of school commissioners of the city of Concord and the said building and the land on which the same is erected from all and every claim for materials, labor, or otherwise incurred by reason of erection and completion of said building, and shall turn over the said building to the said board of school commissioners of the city of Concord free and clear from all liens or claims for material or labor, and faithfully perform the said contract and save the said board of school commissioners of the city of Concord against all liability from accident to person or property during the erection of said building, then this obligation to be void; otherwise, to remain in full force and virtue."
(711) Upon these, the portions of the contract and bond more directly relevant, we are of opinion that plaintiff has shown no cause of action against the sureties. There are many decisions with us to the effect that in case of these guarantee bonds or written contracts of indemnity third persons interested and having claims, though not named, may institute action thereon and recover when it appears by "express stipulation or by fair and reasonable intendment that their rights and interests were contemplated and being provided for." Morton v. WaterCo., 168 N.C. 582; Withers v. Poe, 167 N.C. 372; Supply Co. v.Lumber Co., 160 N.C. 428; Voorhees v. Porter, 134 N.C. 591; Townof Gastonia v. Engineering Co., 131 N.C. 363; Gorrell v. Water SupplyCo., 124 N.C. 328. *Page 765 
In case of building contracts with bonds guaranteeing performance on the part of the contractor, it is held that in determining the question of the sureties' liability to third persons the contract and bond shall be construed together. Mfg. Co. v. Andrews, 165 N.C. 285, and recoveries on the part of claimants of that character, usually laborers and materialmen, not expressly named, are sustained where it appears that the guarantee bond, in express terms, provides for liability to such persons, as inMorton v. Light and Power Co., supra; Gorrell v. Water Supply Co.,supra; or when there is stipulation that claims of this kind shall be paid by the contractor, the case presented in Supply Co. v. Lumber Co., supra, and Gastonia v. Engineering Co., an application of the principle approved by many authoritative decisions elsewhere. Knight Jillson Co.v. Arthur Castle, 172 Ind. 97, reported also in 42 L.R.A., U.S., 573, with note by the editor; Ocho v. Carnahan Co., 42 Ind. App. 157;Brown v. Markland, 22 Ind. App. 652; Jordon v. Kavanaugh, 63 Iowa 152, and cases cited in note to Cleveland Roofing Co. v. Gaspard, Anno. Cases, 1916 A, 39 vol., pp. 745-758, or where the language of the instrument is sufficiently ambiguous to permit of construction and the terms of the obligation and the attendant facts and circumstances, relevant and permissible in their proper interpretation, show by fair and reasonable intendment that claimants of that character are to be provided for; and instance presented in Shoaf v. Ins. Co., 127 N.C. 308, and the cases ofVoorhees v. Porter and Withers v. Poe may be referred, in part, to same position. But the principle does not extend to bonds of indemnity in strictness, for the owner or obligee named, as where there is stipulation in express terms that the indemnity is for the owner alone. Mfg. Co. v.Andrews, supra, or when, from a perusal of the relevant clauses of the contract, it is clear that the interest of the owner or obligee named is alone considered and protected. Clark v. Bonsal, 157 N.C. 270, or where there is a stipulation to relieve from liens, and the contract, as in this instance, concerns a building for the public, and the (712) assertion of a lien is forbidden and prevented by a public policy, the private right in such cases being properly subordinated to the public interests. Hardware Co. v. Graded Schools, 151 N.C. 507; Smith v.Bowman, Utah, reported in 9 L.R.A., U.S., 889; Townsend v. RoofingCo., 18 Ind. App. 568.
On careful consideration of this contract and the bond to secure same, it is clear that, so far as the sureties on the bond are concerned, the obligation is one strictly of indemnity towards the owner, and that the claims of laborers or materialmen were in no way considered or provided for except in so far as necessary to effect the primary purpose. In the contract, the stipulation is, first to provide the material and labor to complete the building, simply the usual form of obligation between the *Page 766 
owner and contractor, and otherwise has no special significance. Mfg. Co.v. Andrews, supra.
Further on the subject, there is provision if at any time there shall be evidence of any lien or claim for which, if established, the owner might become liable and which is chargeable to contractors; and, again: "The bond is to guarantee the faithful performance of the contract and to indemnify the owners against liability from accidents," etc. And the bond given, providing for the faithful performance: "and will save and keep harmless the said board of school commissioners of the city of Concord, and the saidbuilding and the land on which the same is erected, from all and every claim for material, labor, or otherwise incurred, etc., and shall turn over the said building to said board free from all claims for material," etc. Not a word in either contract or bond, or the two together, looking to any obligation assumed to the materialmen or for their benefit, but only so far as required to protect the owners and the building and land on which it is situate from liens or claims which might be made effective against them.
The facts in evidence showing that every condition of the bond has been met, the building completed according to specifications and turned over to public authorities free from any and all claims against them, the building or the land on which the same is situate, no liability should attach to the sureties, and the judgment as to them must be reversed. Townsend v.Cleveland Co., 18 Ind. App., supra.
We are not inadvertent to a line of authorities cited for plaintiffs that in claims of this kind statutes and bonds looking to the protection of materialmen and laborers should receive a liberal interpretation, notably, the case of United States to the use of Hill v. Surety Co., 200 U.S. 197. In that case a Federal statute required that persons making formal contracts with the United States for the construction or repair of public buildings should enter into a bond stipulating, among other (713) things: "That the contractor or contractors shall promptly make payments to all persons supplying labor or materials in the prosecution of the work provided for in the contract," etc., and the bond had been given in terms as required by the law. Applying, as stated, the principle of a liberal interpretation of such statutes and contracts, the Court held that there was nothing to restrict liability in the bond to claimants who furnished material, etc., directly to the contractor, but that the statute, by correct construction, would extend to and provide for claimants who had supplied subcontractors for use in the building, etc. But neither this nor the other authorities cited, nor the principle upon which they proceed, apply to a case like the present, in which the bond is clearly one of indemnity towards the owner. And, in reference to our own statute requiring that a bond to protect such claimants shall be *Page 767 
taken, Laws 1913, ch. 150, sec. 2, if the statute had provided that any bond taken in such cases should inure to the benefit of laborers and materialmen, this might be construed as constituting a part of contracts to which the statute applied. White v. Kincaid, 149 N.C. 415. The law, however, is not so drawn, but requires that "every county, city, or other municipal corporation entering into a contract for constructing, repairing, etc., a public building shall require a contract in a sum specified, conditioned for the payment of all labor and material, etc." While the statute makes the failure to take such a bond a misdemeanor on the part of the official charged with the duty, and while, in case of ambiguity, a presumption might arise in favor of its proper performance, it only directs that a bond to that effect shall be taken, and does not apply to a case where it is clear, as stated, that no such bond was taken and no such obligation assumed. As a matter of fact, it is no doubt true that both parties acted in ignorance of the statutory requirement, and merely filled out a bond in the old form, designed and intended to protect the public and the building and the land on which the same is situate, and a direct obligation to the materialmen was in no way contemplated or provided for.
There is error, and the judgment against the sureties is reversed and action dismissed.
Reversed.
Cited: Lumber Co. v. Johnson, 177 N.C. 47 (1c, 2e); Dixon v. Horne,180 N.C. 587 (1c, 2e); Warner v. Halyburton, 187 N.C. 415 (2c, 5c); NolandCo. v. Trustees, 190 N.C. 252 (3c); Brick Co. v. Gentry, 191 N.C. 640 (2c, 5cc); Trust Co. v. Construction Co., 191 N.C. 665 (2c); Supply Co. v.Plumbing Co., 195 N.C. 635 (5o); Lumber Co. v. Lawson, 195 N.C. 844 (1c, 2p); Foundry Co. v. Construction Co., 198 N.C. 178, 179 (1c, 2e); Bank v.Courtway, 200 N.C. 527 (1c); Plott v. Ferguson, 202 N.C. 452 (p).
(714)