DIXON & WRIGHT v. CARSON HORNE, OWNER, C. L. PRICE, CONTRACTOR, AND WILSON LUMBER COMPANY.

(Filed 15 December, 1920.)

**1. Principal and Surety—Indemnity—Bonds—Beneficiaries—Actions.**

It is not required that the beneficiaries of indemnity contract should be named therein to recover thereon, when such is provided for in the bond by express stipulation, or by fair and reasonable intendment, construing together the bond and the contract it is intended to secure.

**2. Same—Mechanic's Liens—Material Men—Laborers—Contracts.**

> A bond against liability on a contract given for the erection of a house given to the owner, is for the faithful performance of the contractor's contract, and that he will satisfy and save the owner harmless against costs and damage by reason of his failure so to do; and the contract, among other things, stipulates that the contractor shall furnish labor, material, etc., at a named price, and give bond for the faithful performance of the contract: *Held*, it included the laborers on and furnishers of material used in the house, and they, though not parties to the contract, may recover against the surety on the bond to the extent of their lawful claims.

CIVIL ACTION to recover balance alleged to be due plaintiffs for material and labor, heard before *Long, J.,* on facts agreed upon, at Fall Term, 1920, of HENDERSON.

From these facts it appeared that defendant, C. L. Price, contracted and agreed to build a house for Carson Horne, furnishing labor, materials, etc., therefor at a stipulated price, and gave bond for faithful performance of the contract, with defendant lumber company, etc., as surety, said bond containing, among other things, the following stipulation: "Now, therefore, the condition of this obligation is such that if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for same, and fully indemnify and save harmless the owner from all costs and damages which she may suffer by reason of failure so to do, etc., . . . then this obligation shall be void." That plaintiffs, under the contract, supplied a quantity of material used in said building, and did a considerable amount of work, stone work and other, the balance due plaintiffs being $705.40. That the pro rata amount in the hands of the owner applicable to plaintiff's claim, after notice given, etc., is $249.82, for which judgment is tendered, leaving ultimate balance due plaintiff $455.58. Upon these, the facts chiefly pertinent, there was judgment against the owner for the $249.82, and against the contractor and surety for the remainder. Defendant, the surety company, excepted and appealed.

*J. F. Justice for plaintiff.*
*McD. Ray and A. V. F. Blythe for defendant.*

HOKE, J. It has been repeatedly held in the State that the beneficiaries of an indemnity contract ordinarily can recover though not named therein, "when it appears by express stipulation or by fair and reasonable intendment that their rights and interests were being provided for." *Supply Co. v. Lumber Co.,* 160 N. C., 428; *Withers v. Poe,* 167 N. C., 372; *Voorhees v. Porter,* 134 N. C., 591; *Town of Gastonia v. Engineering Co.,* 131 N. C., 363, and *Gorrell v. Water Co.,* 124 N. C.,

328. And so stated the principle has been fully approved in the more recent cases of *Lumber Co. v. Johnson,* 177 N. C., 44-47; *Crumpler v. Hines,* 174 N. C., 283; *McCausland v. Construction Co.,* 172 N. C., 708-711. Speaking more minutely to some of the cases, and the question directly decided therein it is said in *McCausland v. Construction Co., supra:* "In case of building contracts with bonds guaranteeing the performance on the part of the contractor, it is held that in determining the question of the sureties' liability to third persons, the contract and bond shall be construed together. *Mfg. Co. v. Andrews,* 165 N. C., 285, and recoveries on the part of claimants of that character, usually laborers and material men, not expressly named, are sustained where it appears that the guarantee bond, in express terms, provides for liability to such persons, as in *Morton v. Water Co., supra; Gorrell v. Water Co., supra,* or when there is stipulation that claims of this kind shall be paid by the contractor, the case presented in *Supply Co. v. Lumber Co., supra,* and *Gastonia v. Engineering Co.,* an application of the principle approved by many authoritative decisions elsewhere. *Knight & Jillson Co. v. Arthur Castle,* 172 Ind., 97; reported also in 42 L. R. A., N. S., 573, with note by the editor. *Ocho v. Carnahan Co.,* 42 Ind. App., 157; *Brown v. Markland,* 22 Ind. App., 652; *Jordan v. Kavanaugh,* 63 Iowa, 152, and cases cited in note to *Cleveland Roofing Co. v. Gaspard,* Anno. Cases, 1916 A, 39 vol., pp. 745-758, or where the language of the instrument is sufficiently ambiguous to permit of construction, and the terms of the obligation and the attendant facts and circumstances, relevant and permissible in their proper interpretation, show by fair and reasonable intendment that claimants of that character are to be provided for; an instance presented in *Shoaf v. Ins. Co.,* 127 N. C., 308, and the cases of *Voorhees v. Porter* and *Withers v. Poe* may be referred in part to same position."

The instant case is well nigh exactly similar to that of *Supply Co. v. Lumber Co., supra,* and considering the present contract and bond in view of these authorities, and the principles they approve and illustrate, we are of opinion that they clearly extend to the claim of plaintiff, and that liability therefor has been properly adjudged against the surety.

In *McCausland's* case the surety was relieved, but that was because the bond in that case, as affected by the contract and other circumstances pertinent to its true construction, appeared to be one in strictness of indemnity toward the owner, and in which the interests of third persons, materialmen, or others, were in no way contemplated or provided for.

We find no error in the record, and the judgment for plaintiff is affirmed.

No error.