PITTSBURGH PLATE GLASS COMPANY, INC., v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

(Filed 18 May, 1927.)

1. **Contracts—Principal and Surety—Buildings—Materialmen—Fraud in the Treaty.**

   Where the contractor for a building to be erected provides for his payment of material used in and labor performed on the building and furnishes an indemnity bond expressly providing for the payment of such materials and labor, a materialman whose claim has remained unpaid may directly sue the surety and recover upon the bond on its promise to pay.

2. **Same—Evidence.**

   Where the contract for the erection of a building provides for the payment of money, and the contractor and owner have secretly agreed that the contractor should receive as a part of his consideration certain mort-

49—193

gage bonds on the building contemplated, it is fraud in the treaty on the rights of the surety on the contractor's bond who has executed it without knowledge of the fact, and the materialmen whose claims are thereunder provided for, take subject to all legal defenses and inherent qualities arising out of the contract sued on.

**3. Same—Election of Remedies—Fraud in the Factum.**

Where the fraud perpetrated in the execution of a contract is in the treaty as distinguished from being in the *factum*, upon discovering the fraud the injured party may affirm the contract and sue to recover his damages by reason of the fraud, or he may elect to rescind the contract and recover at common law or in equity; or he may seek affirmative relief in a suit in equity.

**4. Same—Nonsuit—Waiver—Pleadings.**

Where the materialman sues the owner of a building to be erected, together with the contractor and the surety on his bond, and a trustee who held funds for the benefit of the parties, an agreement of nonsuit entered of record, without prejudice to plaintiff's rights against the surety will not, as a matter of law, be construed as a waiver of the right of the plaintiff to recover of the defendant surety upon issues raised by the pleadings between them.

APPEAL by defendant from *Grady, J.,* at September Term, 1926, of NEW HANOVER.

A local corporation, known as the Hotel Corporation, organized to build a hotel in the city of Wilmington, bought a lot for the site. On or about 18 September, 1923, this corporation entered into an agreement with G. L. Miller & Company, by the terms of which it was to issue to Miller & Company first mortgage bonds in the sum of $540,000, and second mortgage bonds in the sum of $75,000, secured by deeds of trust, to be held by Miller & Company as its agent and trustee, and applied to the payment of labor and material furnished for the construction of the building. The plaintiff alleged that Miller & Company agreed to complete the work and turn over the building to the Hotel Corporation free from all liens, except those of the bonds, and to pay for all material that went into the building. Miller & Company employed Walter Clark as contractor to put up the hotel. On 2 November, 1923, Walter Clark, as principal, and Fidelity and Deposit Company of Maryland, as surety, executed a bond in the sum of $418,896 to Miller & Company, as trustee representing the Hotel Corporation, conditioned as follows: "That if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the owner from all costs and damages which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, and shall pay all persons who have contracts

directly with the principal for labor or materials, then this obligation shall be null and void; otherwise, it shall remain in full force and effect." Thereafter the plaintiff furnished Walter Clark, as contractor, upon his order, at the price of $1,230.94, certain material, which went into the building, and on 10 January, 1925, notified the defendant of its claim, and demanded payment, which was refused. On 19 March, 1925, the plaintiff filed with the Hotel Corporation an itemized statement of claim and filed in the office of the clerk of the Superior Court a lien against the hotel. It is alleged that the Hotel Corporation was at this time indebted to Walter Clark, contractor, in a sum sufficient to pay the plaintiff's claim. The contractor defaulted and became bankrupt, and Miller & Company completed the work. On 26 August, 1925, the plaintiff brought suit against the Hotel Corporation, Miller & Company, Fidelity and Deposit Company of Maryland, Walter Clark, and A. S. Williams, trustee in bankruptcy of Walter Clark. Pleadings were filed, and when the cause was heard, judgment was given, the substance of which is as follows: It appearing that a receiver has been appointed for Miller & Company, and that the parties have agreed that the cross-actions between Miller & Company and the Fidelity and Deposit Company be continued without prejudice, the plaintiff is nonsuited as to its action against the Hotel Corporation and Miller & Company. Thereupon it is ordered and adjudged that the plaintiff recover nothing by its writ against the Hotel Corporation and G. L. Miller & Company; and the lien filed by the plaintiff against the property of said Hotel Corporation, upon which the Cape Fear Hotel now stands, is hereby vacated and ordered canceled of record.

The following issues were prepared and submitted to the jury:

1. Was the execution of the guaranty bond by the Fidelity and Deposit Company of Maryland procured by false and fraudulent representation, made to it by Walter Clark, as alleged in the answer of the Fidelity and Deposit Company of Maryland? Answer:

2. If so, has the Fidelity and Deposit Company of Maryland waived the fraud and ratified said guaranty bond, by the agreement with G. L. Miller & Company, as set out in the amendment to its answer? Answer:

3. In what amount, if anything, are Walter Clark and A. S. Williams, trustee, indebted to the plaintiff for materials used in the construction of the Cape Fear Hotel? Answer:

At the conclusion of all of the evidence, the court stated that in any view of the case, and upon the admitted facts, if the jury answered the first issue "Yes," it would direct the jury to answer the third issue in the amount demanded in the complaint, which amount was agreed upon by all parties to be correct.

"Whereupon, the court withdraws issues one and two from the jury, and does now hold as a matter of law that the plaintiff, by the language of the bond (it being a beneficiary thereof, and it not being contended that plaintiff was a party to or had any notice of any fraud, and it appearing to the court that the Fidelity and Deposit Company of Maryland has not returned, or offered to return, any part of the premium on said bond), is entitled to recover against said Fidelity and Deposit Company of Maryland, regardless of any verdict that might be rendered upon issues one and two.

"Now, therefore, upon the pleadings and admitted facts, it is ordered and adjudged that the plaintiff have and recover of Walter Clark and A. S. Williams, trustee in bankruptcy of the estate of Walter Clark, and of the Fidelity and Deposit Company of Maryland the sum of $1,230.94, with interest on $611.61 from 30 October, 1924, and on $414.58 from 2 November, 1924, and on $108.75 from 13 November, 1924, and on $96 from 14 November, 1924, at the rate of 6 per cent per annum until paid, together with the costs of this action, to be taxed by the clerk, except the cost to date, incurred by the Hotel Corporation and G. E. Miller & Company."

Defendant excepted, and appealed.

*Wright & Stevens and Rountree & Carr for appellant.*
*Bryan & Campbell, C. D. Hogue and Peacock, Dalton & Lyon for appellee.*

ADAMS, J. It is admitted that Walter Clark is indebted to the plaintiff in the sum of $1,230.94, with interest thereon, for materials used in the construction of the Cape Fear Hotel, and that he executed and delivered to Miller & Company a contractor's bond with the Fidelity and Deposit Company of Maryland as his surety. Among the conditions of the bond is an obligation faithfully to perform the contract, to satisfy all claims and demands incurred, and to "pay all persons who have contracts directly with the principal for labor or materials." The plaintiff's contract was made immediately with Clark, the principal, and is embraced in the terms of the bond. The plaintiff, then, is manifestly one of those for whose benefit the bond was executed. A person for whose benefit a promise is made to another, though not a party to the agreement or privy to the consideration, may maintain an action upon the promise, and one who has assumed or contracted for the payment of another's debt may be sued directly by the creditor. *Rector v. Lyda,* 180 N. C., 577; *Dixon v. Horne, ibid.,* 585; *Crumpler v. Hines,* 174 N. C., 283.

Particularly is this true when it appears by stipulation or reasonable intendment that the rights and interests of the third party were contemplated and provided for in the contract. *Withers v. Poe,* 167 N. C., 372; *Supply Co. v. Lumber Co.,* 160 N. C., 428. The bond in question is not a mere contract of indemnity as in *Peacock v. Williams,* 98 N. C., 324, and in *Clark v. Bonsal,* 157 N. C., 270; for while conditioned that the principal should fully indemnify the owner against costs and damage it contains, as already indicated, the express stipulation that he should pay for labor and materials. So it is obvious that the plaintiff is one of the beneficiaries contemplated and provided for in the bond.

In its answer the defendant alleges that its execution of the bond was procured by the fraudulent representation of Miller & Company and Walter Clark; that under the contract Clark was to receive for constructing the hotel $418,896 in cash, whereas they had entered into a secret agreement by which he was to receive in part payment bonds of the face value of $75,000, and was to pay the lessee $60,000 in cash and second mortgage bonds, and La Salle, the vice-president of Miller & Company, $25,000 in first mortgage bonds. It is contended that this fraudulent representation is ground for avoiding the bond, which is made the basis of the present action.

The record discloses evidence of fraud on the part of Clark and of Miller & Company; and assuming that it may possibly be established, we are concerned with the effect of such fraud on the rights of the parties —the effect turning upon the question whether the transaction constituted fraud in the treaty or fraud in the factum. If in the factum, the contract is void; if in the treaty, it is voidable at least between the immediate parties. If the execution of a contract is procured by fraud in the treaty, the injured party, upon discovering the fraud, may affirm the contract and sue for the damage sustained by reason of the fraud, or he may elect to rescind the contract and to resist recovery either at common law or in equity, or he may seek affirmative relief by a suit in equity. The distinction between fraud in the factum and fraud in the treaty is very clearly drawn by *Brogden, J.,* in *Parker v. Thomas,* 192 N. C., 798; and tested by the rule under which the two are there classified, it is obvious that the defendant's evidence, if accepted as true, can establish nothing more than fraud in the treaty. How, then, may the plaintiff's cause of action be affected?

The fraud complained of is alleged to have been perpetrated both by the obligee and by the defendant's co-obligor, the obligee being in privity with the co-obligor (9 C. J., 23); and the plaintiff, in seeking to take advantage of the contract between these parties, takes it subject to all legal defenses and inherent equities arising out of the contract. 13 C. J.,

699, sec. 799.   In reference to the subject, Page says: "If the beneficiary accepts the benefits of the contract, he takes subject to its validity as between the original parties thereto, and subject to the terms and conditions of the original contract.   The liability of the promisor to the beneficiary is measured by the terms of the contract between the promisor and the promisee; and the liability of the promisor cannot exceed the liability imposed upon him by such contract. . . . If C. can maintain an action upon A.'s promise, any defense which A. could invoke as against B. can be invoked against C.   If A. is induced to enter into the contract by B.'s fraud, A. may set up such fraud in an action by C., at least, if A. did not contemplate action by C. in reliance upon such contract."   4 Contracts, sec. 2393. · Also Williston: "Another question concerns the admissibility of certain defenses by the promisor.   When sued by the third person, the promisor may rely on facts showing that the promisee could not enforce the contract.   Is the third person barred because the promisee would be?   It is necessary to observe some distinctions here.   The foundation of any right the third person may have, whether he is a sole beneficiary or a creditor of the promisee, is the promisor's contract.   Unless there is a valid contract, no rights can arise in favor of any one.   Moreover, the rights of the third person, like the rights of the promisee, must be limited by the terms of the promise. If that is in terms conditional, no one can acquire any rights under it unless the condition happens.   Further, if there is a contract valid at law, but subject to some equitable defense—as fraud, mistake, or failure of consideration—the defense may be set up against the third person. If the undertaking is to pay a debt or discharge a duty of the promisee, the rights of the third person can be derived only through the promisee, and whatever defense affects the latter affects the creditor."   1 Contracts, sec. 394.

The plaintiff contends that the defendant waived the fraud and ratified the contract by a compromise of the matters in controversy between the defendant and Miller & Company; but the allegations in the defendant's amended answer and those in the reply of Miller & Company are such as to preclude our holding as a legal inference that this agreement is a waiver of the alleged fraud.   Not only does the defendant allege nonperformance by Miller & Company; Miller & Company deny several of the material allegations in the amended answer.

The appellant is entitled to a

New trial.