ASHEVILLE SUPPLY AND FOUNDRY COMPANY v. CATAWBA CONSTRUCTION COMPANY AND UNITED STATES FIDELITY AND GUARANTY COMPANY.

(Filed 8 January, 1930.)

**Principal and Surety B a—In this case held: surety was liable to materialmen and defenses against owner were not available against them.**

A surety bond given the owner for the construction of a road over his land will be construed with the contractor's bond given the owner, and where the surety expressly agrees to liability for all material used therein, and the bond expressly indemnifies them against loss for which they may recover against the surety under a contract made for their benefit, though they are not specifically named therein, and defenses of the surety which may be available against the owner are not available against such mate-

rialmen in their action to recover for material furnished by virtue of the contractual provisions in their behalf. *Peeler v. Casualty Co.,* 197 N. C., 286, cited and distinguished.

STACY, C. J., not sitting.

APPEAL by United States Fidelity and Guaranty Company from *Grady, J.,* at August Special Term, 1929, of HAYWOOD. No error.

*Morgan, Ward & Stamey for plaintiff.*
*Harkins & Van Winkle for appellant.*

ADAMS, J. On 26 April, 1926, the Catawba Construction Company, Inc., and J. D. Hood, trustee, entered into a written contract by the terms of which the Construction Company was to grade and build on Hood's property a highway or road between a designated place near Balsam and a place on Balsam Mountain known as Yellow Face Knob. The terms and specifications were set out in the contract. The Construction Company as principal and the United States Fidelity and Guaranty Company, as surety, executed a bond on 24 April, 1926, payable to Hood, trustee, in the penal sum of $20,000 to secure the company's performance of its contract. The material parts of the bond will be referred to hereafter. The Construction Company in part built, but did not complete a road five miles and a half in length; and in the course of the work it purchased from the plaintiff quantities of Euloy pipe to be used in the construction of culverts. The total purchase price was $2,884.30, but a credit of $1,078.80 for returned pipe left due the plaintiff $1,805.50; and for this amount the plaintiff brought suit against the defendants. On the trial the appellant introduced in evidence the judgment roll in the case of Catawba Construction Company *v.* J. D. Hood, trustee, and others for the purpose of showing that Hood had made default in his payments and was then indebted in the sum of $38,693.23 to the Construction Company, which for this reason had been forced to leave the work unfinished. This record was the appellant's only evidence. The Construction Company filed no answer and of course offered no testimony. The appellant's motion for nonsuit was denied and the jury gave the plaintiff a verdict for $1,805.50 with interest from 30 June, 1926. To the court's refusal to dismiss the action and to the judgment rendered for the plaintiff the appellant excepted. These are the only assignments of error.

It is necessary only to advert to the provisions of section 2445 of the Consolidated Statutes, because they relate to the construction of public buildings by counties, cities, towns, and other municipal corporations. Reference to this section as enacted in 1913 (Public Laws 1913, ch. 150, sec. 2) was made by the Court in *McCausland v. Construction Co.,* 172

N. C., 708. It was there held that the 'terms of the contract and bond under consideration were confined strictly to the indemnity of the owner and that the bond did not contemplate the payment of a bill for materials which were used in the construction of a building. See *Clark v. Bonsal,* 157 N. C., 270; *Peacock v. Williams,* 98 N. C., 324. But several decisions were cited in which it is held that in case of guaranty bonds or written contracts of indemnity third persons interested and having claims, though not named, may maintain an action when it appears by "express stipulation or by fair and reasonable intendment that their rights and interests were contemplated and being provided for." And these decisions are not exclusively those in which the terms of the bond are prescribed by statute. This Court has often had occasion to apply the principle that a person who is the beneficiary of a contract, though not a party or privy, is entitled to maintain an action for its breach. One who furnishes material for a building, even if not named in the contract between the owner and the builder, may bring suit on the contractor's bond and recover if the bond provides in express terms for liability to such person or for payment by the contractor of claims of this kind. *McCausland v. Construction Co., supra; Gorrell v. Water Supply Co.,* 124 N. C., 328; *Gastonia v. Engineering Co.,* 131 N. C., 363; *Supply Co. v. Lumber Co.,* 160 N. C., 428; *Morton v. Water Co.,* 168 N. C., 582; *Plyler v. Elliott,* 191 N. C., 54; *Glass Co. v. Fidelity Co.,* 193 N. C., 769.

By an application of these principles to the contract in question it is made clear that the appellant's exceptions should be overruled. The contract and bond must be construed together. *Manufacturing Co. v. Andrews,* 165 N. C., 285. In the former the contractor agreed to pay for the materials he purchased, and in the latter he not only agreed to pay all claims of materialmen; he stipulated that "this bond shall be for the benefit of the materialmen and laborers having a just claim, as well as for J. D. Hood, trustee." By virtue of these provisions the claim of the plaintiffs is not subject to the defenses available to the surety against Hood, the promisee and owner of the property. *Peeler v. Casualty Co.,* 197 N. C., 286, is easily to be distinguished. We find

No error.

STACY, C. J., not sitting.