OVERMAN & COMPANY ET AL. v. GREAT AMERICAN INDEMNITY COMPANY.

(Filed 19 November, 1930.)

**Principal and Surety B b—Surety on principal contractor's bond held liable for labor and material furnished to subcontractors under terms of bond.**

Where a contractor for the building of a public road with the State Highway Commission agrees in his contract to become liable to the Commission for all labor and material required to complete the work, and

the surety on the contractor's bond therein obligates itself to pay all sums "for which the contractor is liable," the contract and the indemnity bond will be construed together to ascertain the intent of the parties, and the expression "for which the contractor is liable" includes within the liability of the surety the payment of labor done or material furnished subcontractors of the contractor, such subcontracts being usual in work of this character, and the contract should be liberally construed. C. S., 3846(v).

APPEAL by defendant from *Schenck, J.,* at September Term, 1930, of DAVIDSON.

Civil action in the nature of a creditors' bill, brought under 3 C. S., 3846(v), to recover from surety on contractor's bond for materials furnished and used in and about the construction of a public roadway.

The purpose of the suit is to hold the defendant liable for the claims of plaintiff, and interveners, by reason of a bond executed to the State Highway Commission to secure the faithful performance of a road-building contract, and to protect laborers and materialmen.

Upon denial of liability and issues joined, a reference was ordered and the matters heard by Frank H. Kennedy, Esq., who found the facts favorable to plaintiff and interveners, and reported same, together with his conclusions of law, to the court.

A number of exceptions were filed to the report of the referee, all of which were overruled, and from a judgment confirming the report, the defendant appeals, assigning errors.

*Lee Overman Gregory for plaintiff and interveners, Albemarle Grocery Company and Clifton Currin.*
*Fred B. Helms for defendant.*

STACY, C. J. On 20 August, 1927, the J. F. Mulligan Construction Company, contractor, entered into a written agreement with the State Highway Commission to construct and complete a section of road in Randolph and Davidson counties, known as project No. 5210, in which it was stipulated, among other things, that "the contractor shall and will provide and furnish all the materials . . . and perform the work and required labor to construct and complete" said road project; and to insure compliance with the terms of the contract in all respects, the State Highway Commission took from the contractor, as principal, and the Great American Indemnity Company, as surety, a bond in the sum of $16,610 conditioned on the faithful performance of said contract, and that the contractor "shall well and truly pay all and every person furnishing material or performing labor in and about the construction of said roadway all and every sum or sums of money due him,

24—199

them, or any of them, for all such labor and materials for which the contractor is liable."

The contractor sublet different portions of the work to Ed. Smith, P. R. Huffstetler and Aderholdt Bros. The claims of plaintiff and interveners are for materials furnished to these subcontractors and used by them in and about the construction of said roadway.

The case, therefore, presents the question as to whether the bond in suit is broad enough to cover claims for materials furnished to subcontractors and used by them in and about the construction of the roadway. We think it is.

The defendant concedes that, under the decisions in *Electric Co. v. Deposit Co.,* 191 N. C., 653, 132 S. E., 808, and *Hill v. American Surety Co.,* 200 U. S., 197, plaintiff and interveners would be entitled to recover, if the provision in the present bond stopped short of the phrase "for which the contractor is liable." But this restriction, defendant contends, limits its liability to the payment of claims of persons furnishing materials or performing labor in and about the roadway for which the contractor is directly responsible, and excludes all claims against subcontractors, even though such claims may be for materials furnished and labor performed in and about the construction of said roadway. *Insurance Co. v. Durham County,* 190 N. C., 58, 128 S. E., 469.

This interpretation, we apprehend, is too liberal to the defendant and too restrictive of the rights of laborers and materialmen. Under the road-building contract, the principal contractor agreed to become liable to the State Highway Commission for all materials and work required to complete said roadway, and, in this sense, construing the contract and bond together, the expression, "for which the contractor is liable," is thought not to exclude claims of persons furnishing materials or performing labor in and about the construction of said roadway, whether furnished directly to the principal contractor or indirectly through subcontractors, for, in either event, the materials furnished or labor performed would be in ease of the contractor's liability to the State Highway Commission. *Hill v. Surety Co., supra; Moore v. Material Co.,* 192 N. C., 418, 135 S. E., 113.

The principle is well established that in determining the surety's liability to third persons on a bond given for their benefit and to secure the faithful performance of a construction contract as it relates to them, the contract and bond are to be construed together. *Mfg. Co. v. Andrews,* 165 N. C., 285, 81 S. E., 418. In application of this principle, recoveries on the part of such third persons, usually laborers and materialmen, are generally sustained where it appears, by express stipulation, that the contractor has agreed to pay the claims of such third persons,

or where by fair and reasonable intendment their rights and interests were being provided for and were in the contemplation of the parties at the time of the execution of the bond. *Foundry Co. v. Construction Co.,* 198 N. C., 177, 151 S. E., 93; *Brick Co. v. Gentry,* 191 N. C., 636, 132 S. E., 800. The obligation of the bond is to be read in the light of the contract it was given to secure, and ordinarily the extent of the engagement, entered into by the surety, is to be measured by the terms of the principal's agreement. *Dixon v. Horne,* 180 N. C., 585, 105 S. E., 270.

The bond in suit was intended, first, to insure the faithful performance of all obligations assumed by the contractor to the State Highway Commission; and, second, to protect third persons furnishing materials or performing labor in and about the construction of said roadway which the contractor agreed to provide and furnish. *Trust Co. v. Porter,* 191 N. C., 672, 132 S. E., 806. In its second aspect, therefore, the bond contains an agreement between the obligors and such third persons that they shall be paid for whatever labor they perform, or materials they furnish, to enable the principal in the bond to carry out its contract with the State Highway Commission. *U. S. v. Nat. Surety Co.,* 92 Fed., 549.

Bonds of this nature are construed liberally for the protection of laborers and materialmen and with a view to accomplishing the purposes for which they are given, to the end that public works may be paid for and not erected with the use of labor and materials belonging to others. *Electric Co. v. Deposit Co., supra.* It is not thought that the surety can complain at such construction, or that any hardship is imposed thereby, because in entering into the contract the surety is chargeable with notice, not only of the financial ability and integrity of the contractor, but also with notice as to whether he possesses the plant, equipment and tools required in undertaking the particular work, or will be compelled to sublet a portion of it, or rely upon others for labor and materials, all of which are factors to be considered in determining the risk, and upon which the surety fixes the premium for executing the bond. *Wiseman v. Lacy,* 193 N. C., 751, 138 S. E., 121. The rule of *strictissimi juris* is a stringent one, and will not be pursued, where, to do so, would result in a practical injustice to innocent third persons, contrary to the real intent of the parties. *Hill v. Surety Co., supra; Lumber Co. v. Lawson,* 195 N. C., 840, 143 S. E., 847, 67 A. L. R., 984.

Speaking to the policy of the law in this respect, *Dean, J.,* in *Philadelphia v. Stewart,* 201 Pa., 526, says: "Seldom are contractors for large public works able of themselves to furnish the labor and material necessary to the completion of their contracts; in nearly every case they rely on many subcontractors and materialmen to furnish different kinds of mechanical skill and labor, also material, such as stone, brick, lumber,

glass, and iron; these have nothing on which to rely for payment except the honesty and ability of the principal contractor. If the contractor of himself does not inspire confidence among these, who must be subordinate to him, his ability in many cases to bid for large work must be weakened or altogether destroyed; as a necessary consequence, competition for work disappears, in large measure, and there follows a monopoly to the few contractors of large capital, with the inevitable result of exorbitant prices. Every one knows the city will pay the principal contractor, but will he pay his subcontractors and materialmen, whether he makes or loses on his contract? is the question with them."

The bond in suit, as it relates to laborers and materialmen, is not limited to "persons who have contracts directly with the principal," as was the case, for example, in *Glass Co. v. Fidelity Co.*, 193 N. C., 769, 138 S. E., 143; nor is it a mere contract of indemnity as in *Clark v. Bonsal*, 157 N. C., 270, 72 S. E., 954, and *Peacock v. Williams*, 98 N. C., 324, 4 S. E., 550. See valuable comment by David L. Krooth in Illinois Law Review, November, 1930, p. 327, *et seq.*

It follows from the foregoing view of the case, which coincides with the holding of the referee and the court below, that the judgment must be

Affirmed.