E. M. SCHEFLOW v. J. W. PIERCE ET ALS.

(Filed 18 September, 1918.)

**Mechanics' Liens—Principal and Surety—Contracts—Beneficiaries—Laborers — Subcontractors — Statutes — Municipal Corporations—Cities and Towns.**

> Where a town has contracted for sewerage to be done upon its streets, the contractor to pay the laborers and materialmen, with provision for a surety bond for the faithful performance of the contract, including the payment for the labor and materials, etc., and the bond has been given for its faithful performance by the contractor, a subcontractor for the excavation of the trenches with his own machine, for which he furnishes his own oil, etc., at an agreed price per foot, is a laborer and has a lien for work and labor done, within the meaning of the contract and of the statute, and may recover a balance of the contract price upon the bond as a beneficiary thereunder, though not a party thereto or entitled to a lien against the town. Chapter 150, Laws 1913, amended by chapter 9, Extra Session 1913, and chapter 191, Laws 1915. Revisal, secs. 2016, 2019.

APPEAL by plaintiff from *Daniels, J.,* at April Term, 1918, of EDGECOMBE.

This is an action against the defendant Pierce, the town of Tarboro, and the National Surety Company as the surety for the faithful performance of the contract by the defendant Pierce to do certain sewerage work and pipe-laying in the streets of said town. Soon after the execution of said contract and the bond of the surety, the plaintiff and said Pierce entered into a contract by which the plaintiff was to excavate the sewer trenches, using a trench machine for that purpose, with a competent operator on it, furnishing the fuel, oil, and repairs, and operating the machine to do the work. The plaintiff was to receive for said work a stated sum per foot, according to the depth of the trenches cut.

The plaintiff began work under his contract and cut a great number of trenches of varying depths. That the balance due him for the work done on the contract is $1,350.85 is not disputed. The defendant Pierce failed to pay this balance, alleging that he is financially unable, and the town of Tarboro and the National Surety Company base their refusal upon the ground that they are not liable therefor and that the bond executed by the surety company does not cover the plaintiff's claim. The defendant Pierce failed to answer, and judgment by default final was entered against him. The town and the surety company demurred. The court, it seems, overruled the demurrer as to the plaintiff's right to maintain the action direct on the bond, but sustained the demurrer that the plaintiff's claim was not covered by the bond, and the plaintiff appealed.

*Alsbrook & Phillips for plaintiff.*
*Bryant & Brogden and Don Gilliam for defendants.*

CLARK, C. J. It would seem that the court overruled the demurrer as to the ground that plaintiff could not maintain this action, and the defendants are not appealing. In a case almost exactly like this it was held that "The beneficiaries of the contract, though not a party or privy thereto, may maintain an action thereon." *Gastonia v. Engineering Co.,* 131 N. C., 363, citing numerous authorities. In that case, "though no mechanic's lien could be filed against the town" (p. 365), on page 366 the Court said: "Those claimants (materialmen and laborers), being the beneficiaries of the contract, could have brought their separate actions on said contract against the engineering company and its surety," etc., citing *Gorrell v. Water Co.,* 124 N. C., 328; *Shoaf v. Ins. Co.,* 127 N. C., 308.

In *Supply Co. v. Lumber Co.,* 160 N. C., 428, the rule is thus stated: "The beneficiaries of an indemnity contract ordinarily can recover, though not named therein, when it appears by express stipulation or by reasonable intendment that their rights and interests were contemplated and being provided for." In this case (*Supply Co. v. Lumber Co.*) it is stated on page 431 (about middle): "In the case before us it appears that the contractor had agreed to pay for all labor and material supplied for the erection of the building, and to save the trustees of the church harmless from any and all claims and liens which might arise out of contracts made by him for material furnished, laborers, etc., with the stipulation that said contractor shall faithfully perform and carry out said contract according to the true intent and meaning thereof. These provisions, in our opinion, clearly contemplate that the contractor shall pay the materialmen and laborers and constitute such claimants the beneficiaries of the contract and bond within the principles of the authorities cited. *Clark v. Bonsal,* 157 N. C., 270, and *Peacock v. Williams,* 98 N. C., 324, are distinguished, for in those cases the contract and bond did not provide or intend to benefit third parties."

Our decision in *Gorrell v. Water Co.,* 124 N. C., 328, that the beneficiary in a contract can maintain an action thereon has been reaffirmed in numerous cases cited in the Anno. Ed. besides *Gastonia v. Engineering Co.,* 131 N. C., 363, and *Supply Co. v. Lumber Co.,* 160 N. C., 428. Besides, it has now been made statutory by chapter 150, Laws 1913, amended by chapter 9, Extra Session 1913, and chapter 191, Laws 1915, which, provides that the town shall require the contractor for work on its buildings, roads and streets to give a bond conditioned for the payment of *all labor done* on, and material and supplies furnished for, the said work, and further provides: "Any laborer doing work on said building and materialmen furnishing material therefor and used therein shall have the right to sue on said bond, the principal and sureties thereof in the courts of this State having jurisdiction of the amount of

said bond, and any number of laborers or materialmen whose claims are unpaid for *work done* and material furnished in said building shall have the right to join in one .suit upon said bond for the recovery of the amount due them respectively."

The contract of the defendant Pierce stipulates (section 17) that he will give a surety bond "conditioned to secure the *faithful performance of this contract,* the payment for all materials purchased and used under this contract, the payment of wages of laborers employed by said contractor on the works, and *the liens which may arise* therefrom." Said contractor subsequently made the contract with the plaintiff as a subcontractor, and the bond of the surety stipulates that Pierce, the contractor, "shall in all things stand to and abide by, and well and truly observe, do, keep, and perform all and singular the terms, covenants, conditions and agreements in said contract, on his part." Revisal, 2019, gives to all subcontractors and laborers a lien for "labor done or material furnished, which lien shall be preferred to the mechanic's lien now provided by law."

As is said in *Gastonia v. Engineering Co.,* 131 N. C., 365, 366, as quoted *supra,* "Though no mechanic's lien can be filed against the town," the beneficiaries, *i. e.,* the materialmen and laborers, under Revisal, 2016, can none the less bring their action as the beneficiaries of the contract of suretyship, and for a stronger reason the subcontractors, under Revisal, 2019, can do the same for *"such labor done* or material furnished," since such lien "shall be preferred to the mechanic's lien."

Though no lien can be filed against the town of Tarboro, it would be liable, under Rev., 2016, to laborers and materialmen, and, under Rev., 2019, for labor done and material furnished to the extent of any balance due the contractor and unpaid at the time of the notice. The city, in its contract with Pierce, required him to give the bond for compliance with his contract *in all respects,* which, of course, included laborers and material, and supplies, under Rev., 2016, and what shall be due the subcontractors for work and labor done (Rev., 2019).

The first clause in the contract with Pierce is, that he should "furnish, *at his own expense,* all the material, labor, and equipment necessary to do the work." He furnished the same, but not at his own expense, for a great part of the labor done on the job is yet unpaid for, including this plaintiff, and the condition of the bond is broken. It would be strange if the plaintiff, who did practically all the work on the job, should not have recourse to the bond for the amount due him, solely because he did the work with a machine instead of with his own hands or by hiring laborers to work with their hands.

The defendant surety company cites cases such as *Boiler Works v. Surety Co.,* 43 L. R. A. (N. S.), 162, where it was held that a subcon-

tractor could not file a claim for the repairs on a steam shovel which had been used by him. Also, *Public Works Co. v. Yonkers,* 207 N. Y., 81, which held that the contractor could not recover against the bonding company for the rent of a steam shovel because that was not labor or material. To the like effect is *Surety Co. v. Des Moines,* 152 Iowa, 531, where the Court held that the contractor could not recover for lanterns, sledges, chisels, and axles, and the like, used in the work.

*Lohman v. Peterson,* 87 Wis., 287, held that the rent of oxen hired to the contractor to haul ties was not a lien on the ties, and there are many other cases to like effect. The reason for this is, that these were merely instrumentalities used by the contractor or subcontractor to do the work. They were not labor, and they were not materials; but here the contract was to do so much trenching at a fixed price, and turn it over free of liens for labor done or material furnished. The plaintiff is not suing for rent paid (if any) by him for the use of his machine, nor for any repairs put thereon, nor for the use of his machine, nor is he suing for his wages in supervising the work, as in *Whitaker v. Smith,* 81 N. C., 340, where this Court held that an overseer could not file a lien for labor. Nor could he recover for oil or fuel used by him in operating his machine.

This plaintiff's claim is simply for the work and labor done, as subcontractor, at the stipulated rate. It is admitted by the demurrer, of course, that the balance due him by the contractor is the amount alleged, for which the plaintiff has obtained judgment against said contractor in this action.

The contract of Pierce with the city being to do that very work, and the contract with the surety company being that he shall faithfully perform all the provisions of his contract, which includes this very trenching which the plaintiff has done, and which said Pierce contracted to "furnish at his own expense," it follows that the plaintiff is entitled to sue as beneficiary under the contract, and to recover of the surety company the balance due by Pierce for the execution of such work by the plaintiff. The identical point presented in this case was decided in *Lester v. Houston,* 101 N. C., 605, in an opinion by *Smith, C. J.,* the third headnote of which is as follows:

"3. The constitutional provision for giving to mechanics and laborers liens for their work, and the statutes enacted in pursuance thereof; and also giving liens for materials furnished, extend to and embrace contractors who do not themselves perform the labor or furnish the materials used, but procure it to be done through the agency of others."

This was cited with approval by *Allen, J.,* in *Mfg. Co. v. Andrews,* 165 N. C., 292, 293.

The judgment sustaining the demurrer should be

Reversed.