# Wytheville.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND V
A. J. BAILEY AND J. L. PLEASANTS, PARTNERS TRADING
AS BAILEY-PLEASANTS COMPANY.

June 17, 1926.

1. STREETS AND HIGHWAYS—*Contractor's Bond—Feed Supplies to the Men and Animals Engaged in the Work.*—In an action against a surety on a road contractor's bond, feed stuffs for the men engaged in the work and hay and grain for the teams so engaged are covered by the words "material furnished" in or about the construction or improvement contracted for, and on default of the contractor the surety is liable.

2. SURETYSHIP—*Liability of Sureties—Road Contractor's Bond—Bonds Construed More Liberally than Mechanic's Lien Statutes.*—In cases arising under surety bonds, the bonds should be more liberally construed than mechanic's lien statutes. The bonds and the statutes both protect labor and materialmen, but in addition, the bonds are given to insure the performance of every stipulation of a contract, the object of the contract is to have the road completed in every detail.

3. STREETS AND HIGHWAYS—*Contractor's Bond—Material Furnished not to Become a Permanent Part of the Completed Work.*—A road contract provided that the contractor should "at *his, its or their own proper cost and expense,* do all the work and furnish all the *materials, equipment, teams and labor* necessary to carry out this agreement in the manner and to the full extent as set forth in the specifications," etc. The bond provided that the principal should in all respects comply with the terms and conditions of the contract, including the specifications, and should promptly pay all just claims for labor and material incurred in or about the construction contracted for. And the specifications provided that the contractor should accept the rates specified in full payment for furnishing all materials, labor and equipment, and for performing all work embraced in the specifications and proposal.

*Held:* That the parties did not intend to limit the liability of the surety to only such material as became a permanent part of the completed work.

4. STREETS AND HIGHWAYS—*Road Contractor's Bond—Obligation of Contractor and His Sureties.*—The obligations of the contractor and his surety under a road contractor's bond are determined by the specific plans and specifications, and the contracts referred to, and the conditions of the bond.

5. STREETS AND HIGHWAYS—*Road Contractor's Bond—Food Supplied to Men and Animals.*—Food supplied to men and animals engaged on construction work are clearly materials and supplies incurred by the contractor in or about the construction or improvement contracted for.

Error to a judgment of the Circuit Court of the city of Richmond, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*McGuire, Riely & Eggleston* and *Aubrey R. Bowles, Jr.,* for the plaintiff in error.

*Hall, Hall & Peachy,* for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

A. J. Bailey and J. L. Pleasants, partners trading as Bailey-Pleasants Company, recovered a judgment against the plaintiff in error in the Circuit Court of the city of Richmond for $1,636.28, with interest thereon from the 12th day of July, 1924, and costs. Upon a refusal of the trial court to reverse and set aside this judgment, a writ of error was awarded which brings the judgment in review before this court.

This is a companion case to *Fidelity and Deposit Company of Maryland* v. *Landon R. Mason, Jr., post,* p. 138, 133 S. E. 793, in which an opinion was handed down at this term of this court, the only material distinction between the cases being that in the *Mason Case* the plain-

tiff sued the surety company upon a claim for labor as a general superintendent in charge of the construction work, while in the instant case the plaintiffs sue the surety company on the same contract bond, on an account for foodstuffs supplied to the contractor, the Carson-Davis Co., Inc., for the board of the men, the laborers actually engaged in the construction work and for feed and hay for the teams used in the work.

It is agreed that all the goods and merchandise were necessary to the construction company for food for the men and feed for the animals to carry out the contract in the manner and to the full extent as set forth in the specifications, that the merchandise was used for this purpose, and it was necessary for the construction company to board the men and teams.

The grounds of defense in the instant case, with the exception of the last, hereafter set out, are identical with those set out in the case of *Fidelity and Deposit Company of Maryland* v. *Landon R. Mason, Jr., supra,* and with this one exception, they have been decided against the surety company by this court.

[1, 2] The one question undetermined in this case is, were the supplies furnished (food stuffs for the men engaged in the work, and hay and grain for the teams so engaged) contemplated or intended to be covered by the words "material furnished" in or about the construction or improvement contracted for.

We will not consider again the question of analogy between liens under mechanic's lien statutes and claims of laborers or material men in cases of the kind here being considered. The effect of our decision in the *Mason Case* was that in cases arising under surety bonds the bonds should be more liberally construed than mechanic's lien statutes. The bonds and the statutes both protect labor and materialmen, but in

addition, as was held in *Aetna Casualty & Surety Co.* v. *Earle-Lansdell Co.*, 142 Va. 435, 129 S. E. 263, 130 S. E. 235, and in the *Mason Case*, they are given to insure the performance of every stipulation of a contract, and the object of the contract is to have the road completed in every detail.

There are cases which apparently lean to the analogy suggested, and in construing the word "material" in contracts somewhat similar to the contract here being considered, they hold that "material" refers only to such supplies furnished by the materialman as become an actual physical part of the improvement under construction.

[3] But whatever the construction of somewhat similar contract bonds has been, there is nothing in the contract bond here being considered which indicates that the parties intended to limit the coverage to only such material as became a permanent part of the completed work.

The contract provides that the contractor shall, "*At his, its or their own proper cost and expense,* do all the work and furnish all the *materials, equipment, teams and labor* necessary to carry out this agreement in the manner and to the full extent as set forth in the specifications, special provisions, proposal and plans, and under security as set forth in the attached contract bond, which are hereby adopted and made a part of this agreement as completely as if incorporated herein," etc.

The contract bond contains, among other conditions, the following:

"The above bounden principal *shall in all respects comply with the terms and conditions of the said contract and his obligations thereunder,* including specifications, special provisions, proposal and plans therein referred to and made a part thereof," etc., and further:

"The above bounden principal * * * shall promptly pay all just claims for damages for injury to property and for labor and material incurred by said principal, in or about the construction or improvement contracted for."

And the specifications, which are made a part of the contract, provide in part:

"In order to insure the faithful performance of each and every condition, stipulation and requirement made by this contract and to indemnify and save harmless the party of the first part from any and all damages, either directly or indirectly, arising out of any failure to perform the same, including payment for all labor and materials purchased by the party of the second part in the prosecution of this contract, the party of the second part shall execute and deliver herewith a bond in the penalty of not less than thirty (30) per centum of the estimated amount of the contract award, conditioned for such faithful performance of such conditions, stipulations and requirements, with surety secured by a surety company authorized to do business in the State of Virginia and satisfactory to the chairman, or with the consent of the chairman, Liberty bonds or other satisfactory collateral, as hereinbefore provided."

"*The contractor will be required to supply and use in the prosecution of the contract a full equipment of modern machinery and appliances and a sufficient force of expert and common labor to insure its completion in the time specified.*"

"It is understood and agreed that the contractor shall receive and accept the prices and rates, as herein specified, *in full payment for furnishing all materials, labor, equipment and tools, and for performing all the work contemplated and embraced in the specifications and proposal.*"

[4] As was said by Judge Prentis, speaking for the court, in *Aetna Casualty and Surety Co.* v. *Earle-Lansdell, supra:* "It is perfectly apparent that the obligations of the contractor and his surety under such bonds are determined by the specific plans and specifications, and the contracts so referred to. Having broad general powers to construct highways and to require bonds for the faithful performance of the work implies the authority to do everything which is essential thereto, in order to accomplish the main purpose— that is, the doing of the work. But, how are the obligations of the contractor to be determined, except by reference to the plans and specifications, contracts and bonds for the execution of that specific work? All of these are indissolubly linked and it is for the enforcement of each and every one of the contractual obligations thereby created that bond is required."

The rights of the plaintiff in this case, therefore, are predicated upon the conditions of the bond above set forth, read in connection with the contract, including the specifications, special provisions, proposal and plans.

See also *Royal Indemnity Co.* v. *No. Granite & Stone Co.*, 100 Ohio St. 373, 126 N. E. 405, 12 A. L. R. 378; 21 R. C. L. 985; Williston on Contracts, sec. 372, p. 202; *Scheflow* v. *Pierce*, 176 N. C. 91, 93, 97 S. E. 167.

[5] The contractor failed to build the road according to the contract. He failed to pay for the material and supplies necessary to the prosecution and completion of the work. He was obligated to do these things at his own proper cost and expense. The supplies furnished by the plaintiff are clearly materials and supplies incurred by the contractor in or about the construction or improvement contracted for.

*Plyler* v. *Elliott*, (N. C.), 131 S. E. 306, decided

January 27, 1926, is directly in point. In that case the court said: "This appeal presents the question as to whether or not the bond covers provisions used to feed the hands who worked in and about the construction of the roadway, and feed stuffs to feed the mules that worked in and about the construction of the roadway." A provision in the bond was as follows: "And shall well and truly pay all and every person furnishing material or performing any labor in and about the construction of said roadway, all and every sum of money due him, them, or any of them, for all such labor and materials, for which the contractor is liable." The court holds that the bond covered feed stuffs furnished for contractor's mules, and supplies furnished to board his men, if it was necessary for the contractor to furnish board.

The decision is supported by the leading case dealing with this exact question, *Brogan* v. *National Surety Co.*, 246 U. S. at p. 260, 38 S. Ct. 250, 62 L. Ed. 703, L. R. A. 1918D, p. 776. This case is referred to and quoted from, as are numerous other decisions from various jurisdictions, and reference is made to them here. *Carter Co.* v. *Oliver-Hill Construction Co.*, 143 Tenn. 649, 228 S. W. 720; *Kirby* v. *Road Imp. Dist. No. 4*, 251 S. W. 835; *U. S. F. & G. Co.* v. *Henderson Co.*, (Texas), 253 S. W. 835. These decisions represent the great weight of authority. 29 C. J. 613. Other pertinent and instructive cases are referred to in the plaintiffs' brief, but in view of what has been said in the *Aetna* and *Mason Cases, supra*, it is deemed unnecessary to further prolong this opinion.

The trial court was clearly right in its findings and judgment, and the judgment should be affirmed.

*Affirmed.*