## Wytheville.

## FIDELITY AND DEPOSIT COMPANY OF MARYLAND V. BAILEY-SPENCER HARDWARE COMPANY.

### June 17, 1926.

SURETY COMPANIES—*Highway Contractor's Bond—Equipment Materials —Explosives and Hardware.*—A surety company having guaranteed the furnishing by a road contractor, at his own proper cost and expense, of all materials, equipment, teams and labor, is liable for explosives and articles of hardware necessarily and usually incident to road construction work, such as mule shoes and nails, machine bolts, washers, wrenches, halters, harness, leather, grease, soap, shovels, pick handles, etc., which are included within "equipment" necessary to carry out the agreement, even if they are not materials.

Error to a judgment of the Circuit Court of the city of Richmond, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*McGuire, Riely & Eggleston* and *Aubrey R. Bowles, Jr.,* for the plaintiff in error.

*Hall, Hall & Peachy,* for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

This is one of three actions at law instituted against the plaintiff in error in the Circuit Court of the city of Richmond, as a result of the failure of the Carson-Davis Construction Company, Inc., to comply with its

contract with the State Highway Commission of Virginia to construct 5.2 miles of macadam roadway in Bedford and Amherst counties.

The plaintiff in error was surety on the contractor's bond, and the hardware company recovered a judgment against the surety company for $1,057.23 with interest from July 30, 1924, and costs. From this judgment a writ of error and supersedeas were awarded.

The account sued on extended over a period from November 23, 1923, to July 30, 1924, and amounted to $1,758.81, subject to a credit of $701.58. Over $1,300 of this account was made up of items of dynamite, dynamite exploders and blasting powder, and the remainder of $400 was made up of articles of hardware necessarily and usually incident to road construction work, such as mule shoes and nails, machine bolts, washers, wrenches, halters, harness, leather, grease, soap, shovels, pick handles, etc.

Among the defenses insisted upon in the case at bar, as in the other actions at law against this surety company, involving this transaction, viz.: *Fidelity and Deposit Co. of Md.* v. *Mason*, 133 S. E. 793, and *Fidelity & Deposit Co. of Md.* v. *Bailey-Pleasants*, 133 S. E. 797, was the contention that items of the account are not covered by the bond.

There was a stipulation of facts between the parties, by counsel, in part as follows:

(1) The plaintiff, Bailey-Spencer Hardware Co., Inc., is a corporation organized under and by virtue of the laws of the State of Virginia.

(2) The defendant, *Fidelity & Deposit Company of Maryland*, is a corporation organized under and by virtue of the laws of the State of Maryland, and doing a general bonding business for hire.

(3) The Carson-Davis Construction Co., Inc., en-

tered into a contract, which included as a part thereof the "specifications, special provisions, proposals and plans," with the Commonwealth of Virginia, State Highway Commission, by H. G. Shirley, Chairman, dated April 9, 1923, for the construction or improvement of 5.2 miles, approximately, of bituminous macadam, known as Project 48-C, Route 14, a copy of which is incorporated as a part of the notice of motion and of this stipulation marked Exhibit "A," to be treated as an original.

(4) The Fidelity and Deposit Company of Maryland, together with the said Carson-Davis Construction Co., Inc., entered into a bond to the Commonwealth of Virginia, dated April 9, 1923, the said Fidelity and Deposit Company of Maryland appearing as surety therein, in the penal sum of $57,725, the conditions of which said bond are as set out therein, and a copy of which bond is incorporated as a part of the notice of motion and of this stipulation, marked Exhibit "B," to be treated as an original.

(5) The plaintiff furnished to the said Carson-Davis Construction Co., Inc., at its request, the goods, merchandise, etc., set out in the account filed and sworn to by the plaintiffs with the notice of motion, in the amounts, on the dates, and for the prices set out therein, which said account is incorporated in this stipulation as a part thereof and marked Exhibit "C."

(6) The said goods, merchandise, etc., as set out in Exhibit "C," were furnished by the plaintiff to Carson-Davis Construction Co., Inc., for use by it, and were used by it in the performance of its said contract, Exhibit "A." The said account, Exhibit "C," in the sum of $1,200, represents money due by the contractor to the plaintiff for dynamite purchased; in the sum of $138.33 represents money due by the contractor to the

plaintiff for exploders and dynamite caps purchased, in the sum of $400.48 for items purchased which were used in the performance of the contract, but which did not become a permanent, physical part of the improvement contemplated by the contract. The credits for payments made by the said contractor upon the account are as shown in Exhibit "C." The said goods, merchandise, etc., were necessary to the Carson-Davis Construction Co., Inc., to carry out and execute the said contract, in the manner and to the full extent as set forth in the specifications, special provisions, proposal and plans, hereinbefore referred to.

(7) The said Carson-Davis Construction Co., Inc., has not paid to the plaintiffs the balance shown in Exhibit "C," namely, $1,057.23, but the said company defaulted on its contract, Exhibit "A," on August 5, 1924, and the said company is now insolvent and in the hands of receivers for a liquidation of its assets and liabilities, proceedings being had for that purpose in the Circuit Court of Cumberland county, Virginia. Upon the default of the said company, the contract for the completion of the road was relet by the Commonwealth to the Robert Martin Company, general contractors, of Salem, Virginia. This plaintiff has not asserted a claim for the account set out in Exhibit "C" in the pending receivership proceedings.

Upon the agreed statement of facts, this case is controlled by the decision in *Fidelity and Deposit Co. of Md.* v. *A. J. and J. L. Bailey, Partners, trading as Bailey-Pleasants Co., ante,* p. 126, 133 S. E. 797, in which an opinion was handed down at this term of court.

In cases of this kind, the authorities permitting recovery for explosives are overwhelming, and they are generally held to be lienable materials under the mechanic's lien statutes. See *E. I. DuPont de Ne-*

*mours Powder Co.* v. *Culgin-Pace Construction Co.*, 206 Mass. 585, 92 N. E. 1023; *Kansas City, etc.* v. *Youmans*, 213 Mo. 151, 112 S. W. 225; *National Surety Co.* v. *United States*, 143 C. C. A. 99; 228 Fed. 577, L. R. A. 1917A 336; *Hercules Powder Co.* v. *Railroad Co.*, 113 Tenn. 382, 67 L. R. A. 487, 106 Am. St. Rep. 836, 83 S. W. 354.

As applicable specifically to the other items of the account, see *Aderhold* v. *Condon,* 189 N. C. 748, 128 N. E. 337.

Our conclusion is, that the surety having guaranteed the furnishing by the contractor, at his own proper cost and expense, all the materials, equipment, teams and labor, and the items of the account here sued on (even if not materials) being included within the meaning of the word *equipment* necessary to carry out the agreement, and the contractor having failed to pay the account, the surety is liable, and the judgment of the trial court should be affirmed.

*Affirmed.*