# Richmond

ANNIE SUSSMAN v. JACOB SUSSMAN.

March 24, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*W. W. Butzner* and *Meyer Koteen,* for the appellant.

*Thomas Lomax Hunter, R. O. Norris, Jr.* and *George Mason,* for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

On September 9, 1929, Jacob Sussman instituted suit against his wife, Annie Sussman, seeking a divorce *a mensa et thoro,* on the ground of desertion. On December 30, 1929, the cause came on to be heard and by order of the court the evidence was heard orally. Upon the conclusion of complainant's evidence the respondent moved the court to strike out all the complainant's evidence as being insufficient to sustain the charge of desertion as alleged in the bill. Thereupon, complainant, by leave of the court, filed an amended bill, alleging desertion and cruelty, and it was ordered that a transcript of the evidence thus far adduced be filed with the record for further consideration upon the hearing of the cause.

Respondent then filed her answer, in which she denied the alleged desertion and charge of cruelty, and by further order of the court the entire evidence was heard orally. The evidence is voluminous and somewhat sordid, and as it is not essential to advert to it for a disposition of the only question involved, no good purpose would be accomplished by detailing it.

On June 30, 1930, the court entered this decree:

"This cause came on this day to be again heard on the original bill of the complainant and the exhibits filed therewith, the supplemental bill, filed on the 24th day of January, 1930, by leave of the court, the answer of the defendant to the original and amended and supplemental bills, filed February 27, 1930, and on the evidence of witnesses taken *ore tenus*, transcribed and preserved with the record, together with the exhibits filed with said evidence, and was argued by counsel.

"On consideration whereof *it appearing to the court that although the defendant has deserted and abandoned the complainant as alleged in the bill,* the said complainant failed to make a *bona fide* effort to effect a reconciliation with his said wife before the institution of this suit; and the court being of the opinion that under the circumstances of this case it was the duty of the complainant to make such effort before the suit was instituted, and said suit was therefore brought prematurely, it is adjudged, ordered and decreed that the prayer of the said bill be denied, and the same be dismissed without prejudice to the complainant.

"It is further adjudged, ordered and decreed that the suit having been dismissed, that all orders for support and maintenance are also cancelled and annulled." (Italics added.)

The error assigned is that the court erred in embodying in the decree the italicized language. The ground of complaint is that, while not necessary to a disposition of the cause, the italicized language will be invoked by complainant as a final adjudication of his right to obtain a divorce should he attempt a reconciliation with respondent.

The situation of the wife is indeed a novel one. The decree adjudges that the husband is not entitled to the relief prayed for, yet by way of recital seems to place the blame for the separation upon her. From that part of the decree in her favor she is denied the right of appeal. If it can be said that the husband's right to a divorce has been

determined by judicial pronouncement conditioned upon his offer of reconciliation, then she is forced into the situation of accepting or refusing his future offer to become reconciled.

While not a part of the record in this cause, it was stated at the bar of this court, and not denied, that appellee has actually instituted a new suit, relying upon the language of the present decree as determinative of his rights in the premises.

■ "It is undoubtedly settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties." *Russell* v. *Place*, 94 U. S. 606, 608, 24 L. Ed. 214, cited in *Hairston* v. *Hairston*, 117 Va. 211, 84 S. E. 15.

It then becomes necessary for us to construe the decree in order to determine if a judgment against appellant has been pronounced.

■ Before entering any decree on the merits, in a divorce suit on the ground of desertion, the trial court must determine three questions, viz: (1) Has there been an actual breaking off of the matrimonial cohabitation? (2) Was the severance made with an intent to desert in the mind of the alleged offender? (3) Has the injured party, before filing suit, sought in good faith a reconciliation? *Markley* v. *Markley*, 145 Va. 596, 134 S. E. 536.

■ In the latter case it is said, at page 598 of 145 Va., 134 S. E. 536, 537: "In *Bailey* v. *Bailey*, 21 Gratt. (62 Va.) 43 (1871), and *Latham* v. *Latham*, 30 Gratt. (71 Va.) 392 (1878), desertion is thus defined: 'Desertion is a breach of matrimonial duty, and is composed first of the actual breaking off of the matrimonial cohabitation, and, secondly, an intent to desert in the mind of the offender.'

"This principle, announced in the first divorce suit to be decided by our appellate court, has never been changed. Sub-joined, however, to the propositions that there must be an actual breaking off of matrimonial cohabitation and

an intent to desert, is the third proposition, that before a divorce will be granted on the ground of desertion, the injured party must have, before the institution of the suit, sought in good faith a reconciliation.

"In *Devers* v. *Devers*, 115 Va. 517, 79 S. E. 1048, it is said: 'The well being and good order of society demand that husbands and wives shall in good faith endeavor to reconcile their differences and dwell together in unity and peace, rather than to make occasion for resort to the courts for redress.' *Tutwiler* v. *Tutwiler*, 118 Va. 729, 88 S. E. 86."

While it has not been the universal practice to allege that an offer of reconciliation has been made, we think good pleading requires such an allegation in the bill of complaint. In any event, the proof must show that before instituting suit the complainant has offered to become reconciled. If the bill fails to allege, or the proof fails to show, that such an offer has been made, the concern of the court on all other questions involved is at an end, and a decree dismissing the bill should be entered.

As we construe the decree, the only judgment decreed by the court was a dismissal of the bill without prejudice to the complainant. The language, "it appearing to the court that although the defendant has deserted and abandoned the complainant as alleged in the bill," is merely an expression of opinion and not an adjudication of the relative rights of the parties. To constitute a judgment by decree, the legal terms, "adjudged, ordered and decreed," must precede the final action of the court.

Without intending to express any opinion on the merits of this suit, or any future suit, our conclusion is to amend the decree by striking out the language complained of, and to affirm it in all other respects. This action disposes of appellee's cross-assignment of error.

The costs of this appeal will be borne equally by the litigants.

*Amended and affirmed.*