877 F.2d 61
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre Craig MOORE, Defendant-Appellant.
 No. 88-5176.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1989.
Decided June 7, 1989.
 
 Alan Hideto Yamamoto for appellant.
 William G. Otis, Assistant United States Attorney (Henry E. Hudson, United States Attorney, W. Neil Hammerstrom, Jr. on brief) for appellee.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and FRANK A. KAUFMAN, Senior District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Andrew Craig Moore appeals from a judgment of conviction entered on a conditional plea of guilty to violating 18 U.S.C. Sec. 13 by operating a motor vehicle on a federal parkway in the Commonwealth of Virginia after having been adjudged a habitual offender under Virginia's Motor Vehicle Code. He challenges the district court's refusal to dismiss the federal indictment because of what he claims is an error in the state court order adjudging him a habitual offender which invalidated that order and hence the federal indictment based upon it. We find no error and affirm.
 
 
 2
 On October 2, 1986, a show cause hearing was held in a Virginia state court to determine whether Moore should be adjudged a habitual offender under Virginia's Motor Vehicle Code, Va.Code Sec. 46.1-387.6. Under this statute a person convicted of certain enumerated motor vehicles offenses is directed not to operate a motor vehicle in the state. Moore appeared, failed to show cause, and was adjudged a habitual offender. He endorsed a court order acknowledging this status.
 
 
 3
 On September 24, 1987, Moore was arrested for speeding on a federal parkway and was indicted by a federal grand jury on February 1, 1988 for unlawfully operating a motor vehicle after being adjudged a habitual offender under Virginia law, in violation of 18 U.S.C. Sec. 13.
 
 
 4
 Soon after the indictment was returned, it was discovered that the October 1986 state court order contained an error, in that a name other than Moore's appears on one central line of the order. His full name, date of birth, and social security number did correctly appear in the order's caption, and his full name appeared eight times throughout the body of the order. Moore also signed the order. An attorney for the Commonwealth thereupon filed a request in state court that the discovered error be remedied, and on February 4, 1988, a state court entered an order nunc pro tunc which under state law had the same effect as if properly done originally. On February 29, the same court entered another order clarifying that the October 1986 order was being corrected because of its clerical error.
 
 
 5
 On March 21, 1988, on Moore's motion, the federal district court dismissed the February 1988 indictment without prejudice because the indictment was technically defective in that the October 1986 order contained a clerical mistake and the February 4, 1988 order nunc pro tunc was also defective because it was entered without notice to Moore. Moore was given notice that a show cause hearing would be held in state court on April 29, 1988, on entry of another order nunc pro tunc. Moore and his counsel appeared, failed to show cause why the order should not be entered, and consequently another order nunc pro tunc was entered on that date.
 
 
 6
 Moore was again indicted by a federal grand jury on June 28, 1988, for unlawful operation of a motor vehicle. In August Moore entered a motion to dismiss the indictment, which was denied. Subsequently, on August 29, he entered a conditional plea of guilty, preserving his right to appeal the denial of his motion to dismiss. In October he was sentenced to a one-year term of imprisonment. This appeal followed.
 
 
 7
 On appeal, Moore emphasizes particularly that in the October 1986 order allegedly declaring him a habitual offender, the following language appears: "it is THEREUPON ADJUDGED, ORDERED, AND DECREED, that the same Raymond Anderson is declared an Habitual Offender ..." (emphasis added). Moore draws great significance from the fact that a name other than his own appears after the legal terms "adjudged, ordered, and decreed," arguing that under Virginia law the judgment decreed is that which follows these terms, Sussman v. Sussman, 163 S.E. 69, 70-71 (Va.1932), and that other language in the order "is merely an expression of opinion and not an adjudication of the relative rights of the parties." Id. at 70.
 
 
 8
 While Sussman may assist definition of the precise scope of legal decision contained in an order, it has little to do with the fact that it was Moore, not "Raymond Anderson," who was adjudged to be a habitual offender under this order. As previously noted, Moore's name, birth date, and social security number appear in the caption to the order; all eight other times any proper name appears in the body of the order it is Moore's; and Moore's signature appears at the bottom of the document. No subsequent court has cited Sussman as authority for the formalistic proposition argued by Moore.
 
 
 9
 Virginia Code Sec. 8.01-428(B) provides that clerical mistakes in judgments "arising from oversight or from an inadvertent omission" may be corrected after notice to the parties. The Virginia courts have held that such mistakes can be properly corrected by a nunc pro tunc order. Dorn v. Dorn, 279 S.E.2d 393, 394 (Va.1981). Though the nunc pro tunc orders of February 4 and March 21, 1988, were defective because no notice was given to Moore before their entry, the April 29, 1988, order was properly entered, with notice to Moore and counsel. This order therefore effectively and retroactively corrected the October 1986 order, and the June 1988 federal indictment on which Moore was convicted was consequently valid. We therefore affirm the judgment of conviction.
 
 
 10
 AFFIRMED.