# CIRCUIT COURT OF THE CITY OF RICHMOND

Angeline S. McGee

v.

Joseph H. McGee, III

April 14, 1999

Case No. HJ-1484-3

BY JUDGE RANDALL G. JOHNSON

The issue in this divorce case, in which the parties have been separated for a little over nine months, is whether the parties' prenuptial agreement is a separation agreement for purposes of the six-month separation provision of Va. Code § 20-91(9)(a). Plaintiff-wife, whose bill of complaint seeks only a divorce from bed and board, says that prenuptial agreements are made in contemplation of marriage, not divorce, and are therefore not separation agreements within the meaning of the statute. Defendant-husband, who has filed a cross-bill, asserts that a primary purpose of any prenuptial agreement is the governance of the parties' property and affairs in the event of a post-marital separation and divorce. Thus, he argues, a prenuptial agreement is as much a separation agreement as an agreement entered into after marriage which governs the same matters. The court holds that the parties' prenuptial agreement is not a separation agreement for purposes of the six-month provision of the statute.

Neither the parties nor the court have been able to find a case from any Virginia court addressing this issue. In the absence of precedent, the court believes that the answer lies in Virginia's public policy concerning reconciliation. In *Devers v. Devers*, 115 Va. 517, 79 S.E.2d 1048 (1913), which was decided before the advent of no-fault divorces in Virginia, that public policy was stated as follows:

The well-being and good order of society demand that husbands and wives shall in good faith endeavor to reconcile their differences and dwell together in unity and peace, rather than to make occasion for resort to the courts for redress.

115 Va. at 520.

The principle enunciated in *Devers* was repeated in *Tutwiler v. Tutwiler,* 118 Va. 724, 88 S.E. 86 (1916). There, the court rejected a wife's claim that she was forced by her husband to leave the marital abode. In spite of that finding, the husband was found guilty of desertion for his failure to attempt a reconciliation:

Conceding that Mrs. Tutwiler was not forced to leave with the officer, as she claims, because of her husband's cruelty and violence, it was his duty then and afterwards to seek a reconciliation and to invite her to return.

118 Va. at 729.

And in *Sussman v. Sussman,* 158 Va. 382, 163 S.E. 69 (1932), the Court said:

While it has not been the universal practice to allege that an offer of reconciliation has been made, we think good pleading requires such an allegation in the bill of complaint. In any event, the proof must show that before instituting suit the complainant has offered to become reconciled. If the bill fails to allege, or the proof fails to show, that such an offer has been made, the concern of the court on all other questions involved is at an end, and a decree dismissing the bill should be entered.

158 Va. at 386.

In 1960 the General Assembly, recognizing that "society will be better served by terminating marriages in law which have ceased to exist in fact," *Canavos v. Canavos,* 205 Va. 744, 747, 139 S.E.2d 825 (1965), introduced no-fault divorce to Virginia. For the first time in Virginia, a person could obtain a divorce simply by living separate and apart from his or her spouse without cohabitation and without interruption and with the intent to be permanently separated. That separation, however, had to be for at least three years. While no statement of purpose for that separation requirement was set

out in the statute, it is reasonable to conclude that it was because of the public policy in favor of reconciliation set out in *Devers, Tutwiler*, and *Talbot*; that is, that before a divorce would be granted on the basis of a voluntary separation, public policy required that the parties be given some period of time to reconcile. In 1960, that period of time was set at three years. If the parties did not reconcile in that amount of time, reasoned the legislature, chances were that they would not reconcile at all. In 1964, the required period of separation was reduced to two years, and in 1975 to one year. Those statutory changes reflected society's changing attitude toward marriage and divorce while still recognizing the need to allow some time for the possibility of reconciliation.

In 1982, the General Assembly added the present provision allowing a divorce after a six-month separation if the parties have no children and have entered into a separation agreement. As is true with the general separation provision, the statute contains no statement of purpose for the six-month provision. The court believes, however, that the purpose is obvious. Specifically, the court believes that the legislature decided that if children are not involved, society's interest in encouraging reconciliation is not as strong as it otherwise is. In addition, and more important to the issue before the court in this case, the court believes that the legislature determined that if parties have entered into a formal separation agreement, the realistic chances of a reconciliation are very slim, even if a full year has not passed since the separation began. In other words, parties contemplating reconciliation normally do not enter into agreements which finally divide their property, provide for spousal support, allocate marital debt, and so on. And if the court is correct about this latter point, then the separation agreement must be entered into after the separation occurs, or at least after the parties have decided to separate. Otherwise, it cannot be said that the separation agreement is any indication of a firm decision by the parties not to reconcile. Since prenuptial agreements are entered into before parties are even married, they in no way can be said to indicate a lessened chance of reconciliation; that is, parties cannot decide before marriage that they will not reconcile if they separate after marriage. To do so would be antagonistic to the public policy in favor of reconciliation as set out in *Devers, Tutwiler*, and *Talbot*, and which, though perhaps not as strong as it once was, is still the public policy of Virginia. Accordingly, prenuptial agreements cannot be considered separation agreements under § 20-91(9)(a).